UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMBER RUSSELL,<br><br>    Plaintiff,<br><br>vs.<br><br>LONG VIEW RECREATIONAL VEHICLES, INC. and LONG VIEW RV SUPERSTORES,<br><br>    Defendant. | CIVIL ACTION NO. 04-30031-KPN |

## ANSWER

NOW COMES Long View Recreational Vehicles, Inc. (hereafter "Defendant") pursuant to the Federal Rules of Civil Procedure, and in response to the Complaint filed in the above-captioned matter, files this ANSWER:

### FIRST DEFENSE

Introduction

1. To the extent that the allegations contained in paragraph 1 are prefatory no answer is required, should an answer be required, these allegations are denied. Further answering, Defendant admits that it does business as Long View Superstores[1] in West Hatfield, Massachusetts.

2. Defendant denies the allegations contained in paragraph 2.

3. To the extent that the allegations contained in paragraph 3 describes the relief sought by Plaintiff no answer is required, should an answer be required, these allegations are denied. Further answering, Defendant denies that its actions caused Plaintiff harm.

---

[1] Long View RV Superstores is not a proper party to this action because it is not a legal entity and it did not employ the Plaintiff.

## Parties

4. Defendant admits only that Plaintiff is a woman. Defendant has no first-hand information regarding the remaining allegations of Paragraph 4, and they are therefore denied.

5. Defendant admits the allegations contained in paragraph 5.

6. Defendant admits the allegations contained in paragraph 6.

7. Defendant admits the allegations contained in paragraph 7.

8. Defendant admits the allegations contained in paragraph 8.

9. Defendant admits the allegations contained in paragraph 9.

## Jurisdiction and Venue

10. Defendant admits the allegations contained in paragraph 10.

11. Defendant admits the allegations contained in paragraphs 11a-b.

12. Defendant has no first-hand information regarding the allegations contained in Paragraphs 12a-c, and they are therefore denied.

13. Defendant admits only that it conducts business in Massachusetts. Defendant has no first-hand information regarding the remaining allegations of Paragraph 13, and they are therefore denied.

## Statement of Facts

14. Defendant admits that Plaintiff began working as a receptionist on or about February 23, 2003.

15. Defendant admits that Plaintiff's job duties included answering the telephone and inputting information into the computer.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant denies the allegations contained in paragraph 17.

18. Defendant denies the allegations contained in paragraph 18.

19. Defendant denies the allegations contained in paragraph 19.

20. Defendant denies the allegations contained in paragraph 20.

21. Defendant denies the allegations contained in paragraph 21.

22. Defendant denies the allegations contained in paragraph 22.

23. Defendant denies the allegations contained in paragraph 23.

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant denies the allegations contained in paragraph 25.

26. Defendant denies the allegations contained in paragraph 26.

27. Defendant denies the allegations contained in paragraph 27.

28. Defendant denies the allegations contained in paragraph 28.

29. Defendant denies the allegations contained in paragraph 29.

30. Defendant denies the allegations contained in paragraph 30.

31. Defendant denies the allegations contained in paragraph 31 as written. Further answering, Defendant states that Mr. Frank Roberts did say to Plaintiff's co-worker, in Plaintiff's presence, that Plaintiff must love the co-worker because she did not ask him to leave her alone.

32. Defendant denies the allegations contained in paragraph 32.

33. Defendant denies the allegations contained in paragraph 33 as written. Further answering, Defendant states that Mr. Josh Fraser asked Plaintiff on one occasion in June 2003, "why she was so bitchy?"

34. Defendant denies the allegations contained in paragraph 34 as written. Further answering, Defendant states that Mr. Leduc overheard the discussion between Fraser and Plaintiff on that occasion in June 2003 and in an effort to calm her down pointed out to her that there is a difference between being called a "bitch" as opposed to "bitchy."

35. Defendant denies the allegations contained in paragraph 35.

36. Defendant denies the allegations contained in paragraph 36.

37. Defendant denies the allegations contained in paragraph 37.

38. Defendant denies the allegations contained in paragraph 38.

39. Defendant denies the allegations contained in paragraph 39.

40. Defendant denies the allegations contained in paragraph 40.  Further answering, Plaintiff never complained of gender discrimination or sexual harassment while she was employed by Defendant.

41. Defendant admits the allegations contained in paragraph 41.

42. Defendant denies the allegations contained in paragraph 42.

43. Defendant denies the allegations contained in paragraph 43.

Count I - Gender Discrimination under M.G.L. c. 151B

44. Defendant repeats its answers to Paragraphs 1 through 43 above and incorporates those answers as if fully set forth herein.

45. Defendant denies the allegations contained in paragraph 45.

46. Defendant denies the allegations contained in paragraph 46.

Count II - Gender Discrimination under Title VII

47. Defendant repeats its answers to Paragraphs 1 through 46 above and incorporates those answers as if fully set forth herein.

48. Defendant denies the allegations contained in paragraph 48.

49. Defendant denies the allegations contained in paragraph 49.

## SECOND DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

## THIRD DEFENSE

Plaintiff failed to comply with all statutory procedural requirements prior to initiating this action, and her discrimination claims are therefore barred.

## FOURTH DEFENSE

Plaintiff is not entitled to a jury trial in her M.G.L. c. 151B claim.

## **FIFTH DEFENSE**

Plaintiff can not recover because Defendant exercised reasonable care in preventing and correcting sexually harassing behavior and Plaintiff unreasonably failed to take advantage of these preventative and corrective opportunities to avoid the harm now alleged.

## **SIXTH DEFENSE**

Long View RV Superstores is not a proper party.

Respectfully submitted,

　/s/ Timothy F. Murphy
Timothy F. Murphy, Esq.
BBO No. 556429
Counsel for Defendant
Long View Recreational Vehicles, Inc.
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144

Dated: April 2, 2004　　　　　　　　　　　Tel. (413) 737-4753/Fax (413) 787-1941

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Answer* was served upon the attorney of record for each other party via electronic filing and by first-class, U.S. mail, postage prepaid, on April 2, 2004.

　/s/ Timothy F. Murphy
Timothy F. Murphy, Esq.

F:\OFFICE DOCUMENTS\Data\Longview Recreational Vehicles\Russell, Ember\Litigation 04-30031-KPN\Answer.wpd