UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO.  04-cv-30031-KPN

_____
                                    :
EMBER RUSSELL,                      :
                                    :
            Plaintiff,              :
                                    :
v.                                  :   AMENDED COMPLAINT
                                    :   and
LONG VIEW RECREATIONAL              :   DEMAND FOR JURY
VEHICLES, INC. AND LONG VIEW        :
RV SUPERSTORES,                     :
            Defendant.              :
_____ :

INTRODUCTION

1.     Plaintiff Ember Russell ("Ms. Russell") brings this action for equitable relief and compensatory and punitive damages against Defendant Long View Recreational Vehicles, Inc. with a place of business at Long View RV Superstores (collectively "Long View") under Title VII of the Civil Rights Act and the Massachusetts laws against discrimination, M.G.L. c. 151B.

2.     During the course of her employment at Longview, Ms. Russell was subjected to persistent and continuous acts of sexual and gender harassment against her on the basis of her gender by her supervisor and by her co-workers. Despite Ms. Russell's complaints to management, that harassment went unremediated.

3. Ms. Russell seeks compensation for the grave harm she has suffered and continues to suffer as a result of the actions and omissions of the defendant, and seeks equitable and injunctive relief.

## PARTIES

4. Plaintiff Ms. Russell is a woman and a citizen of the United States who resides in South Hadley, Massachusetts.

5. Defendant Long View is a domestic corporation with a principal place of business at Routes 5 & 10 North in West Hatfield, Massachusetts.

6. Long View is a "person" within the meaning of M.G.L. c. 151B, § 1.

7. Long View employs 6 or more employees, and is an "employer" within the meaning of M.G.L. c. 151B, § 1.

8. Long View is a "person" within the meaning of Section 701(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(a).

9. Long View is engaged in an industry affecting commerce and employs 15 or more employees, and is an "employer" within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b).

## JURISDICTION AND VENUE

10. This suit is brought and jurisdiction lies pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f) and 2000e-5(g), as well as 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. §§ 2201 and 2202.

11. All conditions precedent under M.G.L. ch. 151B have occurred or been complied with:

a. A charge alleging discrimination by the defendant on the basis of sexual and gender harassment was filed with the Massachusetts Commission Against Discrimination ("MCAD") within 300 days of the discriminatory actions alleged in the Charge.

b. This complaint has been filed within three years of the last discriminatory act alleged in Ms. Russell's MCAD charge.

12. All conditions precedent under Title VII have occurred or been complied with:

a. Charges alleging discrimination by the defendants were filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the discriminatory actions alleged in the charges.

b. Ms. Russell received a Notification of Rights regarding her EEOC charges.

c. This complaint has been filed within 90 days of Ms. Russell's receipts of the Notifications of Rights.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f) (3) insofar as all the discriminatory employment practices alleged in this complaint were committed within the County of Hampshire in the Commonwealth of Massachusetts, the plaintiff resides in the County of Hampshire in the Commonwealth of Massachusetts, the defendant conducts

business and has substantial business contacts in the Commonwealth of Massachusetts.

## STATEMENT OF FACTS

14. Ms. Russell began working as a receptionist for Long View Recreational Vehicles, Inc. at Long View RV Superstores in West Hatfield, Massachusetts on or around March 1, 2003.

15. Her responsibilities were to answer the phones and input information into the computer.

16. Beginning almost her first day on the job, Ms. Russell was subjected to harsh and demeaning treatment by the General Manager, George LeDuc ("LeDuc").

17. Beginning almost her first day on the job, male co-workers would tell jokes in her presence that were often sexual and many were demeaning and offensive to women.

18. Many of the sexual, demeaning and offensive jokes were told in the presence of and heard by LeDuc.

19. On numerous occasions Ms. Russell complained to Leduc that she was offended by the jokes.

20. LeDuc did not reprimand Ms. Russell's male co-workers who told the offensive and demeaning jokes, and did nothing to address her complaints and the demeaning jokes continued.

21. In her presence, Leduc participated in jokes that were demeaning and offensive to women.

22. On a number of occasions Leduc treated Ms. Russell harshly and he repeatedly called her an "emotional woman" and told her that she "overreacts."

23. Ms. Russell repeatedly complained to another manager, Debbie Day ("Day"), that she was offended by Leduc's sexist and demeaning treatment of her.

24. Several of Ms. Russell's male co-workers, who work in the service area, repeatedly make lewd, sexual comments to her.

25. Ms. Russell complained on numerous occasions to LeDuc and Day that she was offended by these co-workers' comments to her.

26. Each time Ms. Russell complained to LeDuc, he treated her complaints as jokes and did nothing to address or investigate her complaints.

27. Day did nothing to address or investigate Ms. Russell's complaints.

28. During her tenure at Long View, a male co-worker named Russell repeatedly followed her around the office and made sexual comments to her.

29. Ms. Russell repeatedly complained about co-worker Russell's offensive behavior to LeDuc, Day and to the owner's son, Frank Roberts ("Roberts").

30. Upon information and belief, LeDuc, Day nor Roberts, nor any other member of management did anything to address or investigate her complaints.

31. After Ms. Russell complained to Roberts, he told co-worker Russell that Ms. Russell was "in love and in lust" with co-worker Russell.

32. After that time, Russell's harassing behavior of Ms. Russell escalated.

33. On a number of occasions Ms. Russell was called a "bitch" and "bitchy" by male co-workers, including a co-worker named Josh.

34. Ms. Russell complained to LeDuc about Josh and the other male co-workers calling her a "bitch" and "bitchy".

35. LeDuc did not investigate or address Ms. Russell's complaints. Rather, when Ms. Russell told LeDuc about the comments by Josh and the other male co-workers, LeDuc joked about her complaints. Following her complaints, he treated Josh more favorably and treated Ms. Russell more harshly.

36. On another occasion, the above-mentioned co-worker named Josh told male co-workers that he would "bet $1000 bucks" he could "get" Ms. Russell.

37. When Ms. Russell learned about this comment she complained about it to LeDuc.

38. LeDuc did nothing to investigate or address Ms. Russell's complaint.

39. One time, a mechanic whom Roberts thought was a good mechanic, quit her job. After that mechanic quit, another employee told Roberts that the mechanic was attracted to Ms. Russell. In front of a number of people, Roberts stated that he wished he had known that the mechanic was attracted to Ms. Russell because he could have "rented" her "out" to the mechanic to try to convince him to stay.

40. None of Ms. Russell's complaints were effectively investigated or addressed by management and the illegal comments and behavior occurred almost every day Ms. Russell was at work.

41. On June 12, 2003, Ms. Russell requested, in writing, a sick leave due to the stress caused by ongoing sexual and gender harassment and a hostile work environment.

42. On July 8, 2003, Ms. Russell filed a claim with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission against her former employer Long View Recreational Vehicles, Inc d/b/a Long View RV Superstores in West Hatfield, Massachusetts and against her former supervisor George LeDuc.

43. The basis of that charge was that Mr. LeDuc and co-workers subjected Ms. Russell to gender based and sexual harassment on an ongoing basis while she was employed by the defendants.

44. Ms. Russell charged that she repeatedly complained about the harassing comments and behavior and, when the harassment was not addressed she requested sick leave due to this ongoing harassment.

45. Defendants failed to do an adequate investigation into the harassment and the harassment went unremediated.

46. No disciplinary action was taken against the individuals who harassed Ms. Russell nor would the defendants do anything to address the hostile work environment so that I could return to work.

7

47.     On or around July 25, 2003 I was terminated from my employment with Long View.

48.     The discriminatory treatment which Ms. Russell experienced had a progressively negative impact upon her.  She was subjected to sexually and gender harassing behavior and harsh treatment on account of her gender while employed at Long View.  This discriminatory and retaliatory treatment cause a hostile environment interfered with and adversely impacted the terms and conditions of Ms. Russell's employment, led to her termination constructive or otherwise and caused her humiliation, stress and emotional distress.

<u>FIRST CLAIM FOR RELIEF</u>:
<u>DISCRIMINATION BASED ON SEX</u>
<u>IN VIOLATION OF</u>
<u>M.G.L. c. 151B, §§ 4(1) and (16A)</u>

49.     Plaintiff Ember Russell repeats the allegations set forth in paragraphs 1 through 48 above, and incorporates those allegations as if fully set forth herein.

50.     The actions and omissions of Long View constitute and create a hostile work environment and unlawful discrimination, including discriminatory termination, constructive or otherwise against Ms. Russell based on her sex in violation of M.G.L. c. 151B, §§ 4(1) and (16A).

51.     The discriminatory actions and omissions of Long View have caused, continue to cause and will cause Ms. Russell to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

<u>SECOND CLAIM FOR RELIEF:
RETALIATION IN VIOLATION OF
M.G.L. c. 151B, § 4(4)</u>

52. Plaintiff Ember Russell repeats the allegations set forth in paragraphs 1 through 51 above, and incorporates those allegations as if fully set forth herein.

53. The Defendants retaliated against Ms. Russell for opposing the Defendants' discriminatory practices, in violation of M.G.L. c. 151B, § 4(4).

54. The discriminatory actions and omissions of the Defendants have caused, continues to cause and will cause Ms. Russell to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

<u>THIRD CLAIM FOR RELIEF:
DISCRIMINATION BASED ON SEX
IN VIOLATION OF 42 U.S.C. § 2000e-2(a)(1)</u>

55. Plaintiff Ember Russell repeats the allegations set forth in paragraphs 1 through 54 above, and incorporates those allegations as if fully set forth herein.

56. The actions and omissions of Long View constitute and create a hostile work environment and unlawful discrimination , including discriminatory termination, constructive or otherwise against Ms. Russell based on her sex in violation of Title VII of the 1964 Civil Rights Act, as codified at 42 U.S.C. § 2000e-2(a)(1)

57.     The discriminatory actions and omissions of Long View have caused, continue to cause and will cause Ms. Russell to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

FOURTH CLAIM FOR RELIEF:
RETALIATION IN VIOLATION OF
42 U.S.C. § 2000e-3

58.     Plaintiff Ember Russell repeats the allegations set forth in paragraphs 1 through 57 above, and incorporates those allegations as if fully set forth herein.

59.     The Defendants retaliated against Ms. Russell for opposing the Defendants' discriminatory practices, in violation of 42 U.S.C. § 2000e-3.

60.     The discriminatory actions and omissions of the Defendants have caused, continues to cause and will cause Ms. Russell to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

PRAYER FOR RELIEF

Plaintiff Ember Russell prays the Court to grant her the following relief:

1.     That the plaintiff be awarded appropriate injunctive relief designed to ensure that the defendant discontinue their discriminatory and harassing practices.

    2.    That the plaintiff be awarded compensatory damages in an amount to be determined at trial in this matter, plus statutory interest on any such award.

    3.    That the plaintiff be awarded punitive damages in an amount to be determined at trial in this matter.

    4.    That the plaintiff be awarded reasonable attorney's fees, together with litigation expenses and costs of suit.

    5.    That the plaintiff be awarded such other relief as the Court deems just and proper.

### DEMAND FOR JURY

Plaintiff Ember Russell demands trial by jury on all triable issues.

Respectfully submitted,

PLAINTIFF EMBER RUSSELL
By her attorney,

Dated: June 23, 2004

   /s/ Suzanne Garrow
Suzanne Garrow BBO# 636548
sgarrow@comcast.net
Heisler, Feldman & McCormick, P.C.
1145 Main Street, Suite 508
Springfield, MA 01103
Ph. (413) 788-7988
Fax (413) 788-7996