UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                                :
EMBER RUSSELL,                  :
                                :
            Plaintiff,          :
                                :
v.                              :  CIVIL ACTION NO.  04-30031-KPN
                                :
LONG VIEW RECREATIONAL          :
VEHICLES, INC. AND LONG VIEW    :
RV SUPERSTORES,                 :
            Defendant.          :
_____ :
```

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL RESPONSES TO DISCOVERY**

Pursuant to Fed. R. Civ. P. Rule 37 (a), the plaintiff, Ember Russell, requests that the Court order the defendants to produce adequate responses to Interrogatories and Requests for the Production of Documents. The grounds therefore are set forth below.

**I.    FACTS AND PROCEDURAL HISTORY**

Plaintiff Ember Russell alleges that during the course of her employment as a receptionist at Longview RV Superstores owned by Long View Recreational Vehicles, Inc, she was subjected to persistent and continuous acts of sexual and gender harassment by her supervisor and by her co-workers in violation of Title VII of the Civil Rights Act and the Massachusetts laws against discrimination, M.G.L. c. 151B.  Despite Ms. Russell's complaints to management, the harassment went unremediated.

Ms. Russell alleges that beginning almost her first day on the job, on or around March 1, 2003, she was subjected to harsh and demeaning treatment by the defendants' General Manager, George LeDuc. Also beginning almost her first day on the job, male co-workers would tell jokes and make lewd comments in her presence that were often sexual or demeaning and offensive to women. Many of the demeaning and offensive jokes were told in the presence of, heard by and laughed at by LeDuc.

The plaintiff alleges that on numerous occasions she complained to Leduc that she was offended by the jokes and that he did nothing to address or investigate her complaints. She also alleges that despite her complaints, the demeaning jokes continued. On a number of occasions Leduc treated Ms. Russell harshly and repeatedly called her an "emotional woman" and told her that she "overreacts." Ms. Russell repeatedly complained to another manager, Debbie Day, that she was offended by Leduc's gender demeaning treatment of her. Day did nothing to address or investigate Ms. Russell's complaints. Ms. Russell also complained about certain of the incidents to the owner's son, Frank Roberts, who did nothing to address or investigate her complaints. Rather, he incited further harassment with his words, actions and inaction.

None of Ms. Russell's complaints were effectively investigated or addressed by management and the illegal comments and behavior occurred almost every day Ms. Russell was at work. On June 12, 2003, Ms. Russell requested, in writing, a sick leave due to the stress caused by ongoing sexual and gender harassment and the hostile work environment. On July 8, 2003, Ms. Russell dual filed a charge against the defendants with the Massachusetts Commission Against Discrimination

2

and the Equal Employment Opportunity Commission.  The basis of that charge was that Mr. LeDuc and co-workers subjected Ms. Russell to ongoing gender based and sexual harassment while she was employed by the defendants.  Ms. Russell alleged that the defendants failed to do an adequate investigation into the harassment, no disciplinary action was taken against the individuals who harassed her and that the harassment went unremediated.  On or around July 10, 2003, Timothy Murphy, Esquire, of Skoler, Abbott & Presser, met for about an hour with Ms. Russell in the presence of her counsel and defendants' controller, Denise Chartier.  At no point was Ms. Russell offered a transfer to a different position, department or supervision.  On or around July 25, 2003, Ms. Russell was terminated from her employment with the defendants.  Ms. Russell alleges that the defendants' discriminatory and retaliatory treatment caused a hostile environment, interfered with and adversely impacted the terms and conditions of her employment, up to and including termination and caused her humiliation and emotional distress.

On August 16, 2004, the plaintiff served her First Set of Requests for Production and Interrogatories.  Responses to that written discovery were received by the plaintiff on or around October 1, 2004.  On November 4, 2004, counsel for the plaintiff and defendant conferred about the discovery disputes arising from the plaintiff's First Set of Requests for Production and Interrogatories in an attempt to narrow the issues before the Court pursuant to Local Rules 7.1 and 37.1.  Defendants counsel agreed to provide certain of the documents and information to which defendants objected.  To date he has not done so.

II.     ARGUMENT

**THE DEFENDANTS HAVE FAILED TO ADEQUATELY RESPOND TO THE PLAINTIFF'S FIRST SET OF INTERROGATORIES OR REQUESTS FOR PRODUCTION OF DOCUMENTS.**

   *A. INTERROGATORIES 11-12, 20-21*

   11.    Over the past ten (10) years, has any employee of one or both of the defendants filed a complaint against the defendant(s) or any manager, supervisor or agent of the defendant(s) with the Massachusetts Commission Against Discrimination?

**OBJECTION:** Defendant objects to this interrogatory to the extent that it that it seeks information regarding complaints filed by persons other than the plaintiff on the grounds that said request is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Defendant further objects to this interrogatory on the grounds that it seeks personal and confidential information concerning employees or former employees of Long View. In addition, defendant objects to this interrogatory on the ground that it is unlikely to lead to the discovery of admissible evidence.

**ANSWER:** Subject to and without waiving the above objections, yes.

   12.    If the answer to the preceding Interrogatory is affirmative, please set forth the name, address and phone number of each such employee, the date each such complaint was filed, a brief description of the claim(s) asserted against one or both of the defendants or the manager, supervisor or agent of the defendant(s), the dates of their employment with the defendant(s), and the date and reason for the separation of their employment with the defendant(s), if applicable.

**OBJECTION:** Defendant objects to this interrogatory to the extent that it that it seeks information regarding complaints filed by persons other than the plaintiff on the grounds that said request is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Defendant further objects to this interrogatory on the grounds that it seeks personal and confidential information concerning employees or former employees of Long View. In addition, defendant objects to this interrogatory on the ground that it is unlikely to lead to the discovery of admissible evidence.

   20.    Over the past ten (10) years, has any employee of one or both of the defendants made any complaint, oral or in writing, internally or externally, against the defendant(s) or any manager, supervisor or agent of the defendant(s) for sexual or gender harassment?

**OBJECTION:** Defendant objects to this interrogatory to the extent that it that it seeks information regarding complaints filed by persons other than the plaintiff on the grounds that it is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Defendant further objects to this interrogatory on the grounds that it seeks personal and confidential information concerning employees or former employees of Long View. In addition, defendant objects to this interrogatory on the

ground that it is unlikely to lead to the discovery of admissible evidence.

**ANSWER:** Subject to and without waiving the above objections, yes.

      21.    If the answer to the preceding Interrogatory is affirmative, please set forth the name, address and phone number of each such employee, the date each such complaint was made, a brief description of the complaint asserted against one or both of the defendants or the manager, supervisor or agent of the defendant(s), the dates of the complainant's employment with the defendant(s), and the date and reason for the separation of their employment with the defendant(s), if applicable.

**OBJECTION:** Defendant objects to this interrogatory to the extent that it that it seeks information regarding complaints filed by persons other than the plaintiff on the grounds that it is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Defendant further objects to this interrogatory on the grounds that it seeks personal and confidential information concerning employees or former employees of Long View. In addition, defendant objects to this interrogatory on the ground that it is unlikely to lead to the discovery of admissible evidence.

### *Argument*

As to Interrogatories 11 -12 and 20-21, these Interrogatories are reasonably calculated to lead to the discovery of admissible evidence.  The plaintiff seeks to discover information related to other claims by other employee of incidents of sexual and gender harassment.  The incidents of harassment may have been by the same alleged harassers or to individuals with the same supervisors as the plaintiff.  This information is thus highly probative of the environment and defendants' handling of analogous claims.   More generally, this Interrogatory may provide witness information.  Such evidence, if discovered, is relevant because the plaintiff may establish her claim through the use of circumstantial evidence, including evidence of the defendants' discriminatory actions and inaction toward other employees.  See e.g. Cummings v. Standard Register Co., 265 F.3d 50, 63 (1st Cir. 2001).

As to the defendants' objection based on "personal and confidential information," nothing precludes a defendant in litigation from providing personal

5

information about other employees through discovery. Compare Dalessio v. Mass. Mutual Life Ins. Co., No. 00-0070 (Hampden County Mass. Super. Ct. August 16, 2000) at 8-9 (copy attached) and Johnson v. Harvard Univ., 111 F.R.D. 472, 476 (D. Mass. 1986) with Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995). This is particularly true in a harassment case where there is a particularized need for information regarding complaints by other employees of a gender or sexually hostile environment, prior knowledge by an employer of a hostile environment, or the adequacy of the defendants' responses to such complaints. Here, the defendants admit in their answers to interrogatories that complaints by other employees of harassment exist. Evidence relating to those other employees and their complaints is probative. Moreover, were the Court to find the information sought was "personal" or "confidential" the plaintiff would be willing to enter into a stipulated protective order for such information.

### B.   INTERROGATORIES NOS. 13 and 15

13.   Describe in complete detail the substance of every communication between any agent, officer or employee of the defendant(s) and anyone else other than the plaintiff at any time prior to the termination of the plaintiff's employment during which communication the plaintiff's current and former employment status with the defendant(s) was mentioned or discussed, and include for each such communication the names and addresses of the persons involved in the communication, the date of the communication, and whether the fact that the plaintiff had complained of sexual harassment was mentioned either directly or indirectly during the course of each such communication and whether any documents were reviewed or generated and, if so identify those documents. As to each communication include the following :

    a)   The date of each such communication;

    b)   The name, address, and relationship to the defendant(s), if any, of the person(s) who participated in each such communication;

   c) Whether each such communication was written or oral, and, if oral, whether the communication took place in person or over the telephone; and

   d) the name(s) of the person(s) who initiated the communication.

**OBJECTION:** Defendant objects to this interrogatory because it is overly broad, unduly burdensome and is beyond the scope of permissible discovery.

 15. Please set forth every factor, criterion, inference or assumption taken into consideration by the defendant(s) in reaching any decisions relative to any complaint or request made by the complainant relating to the terms or conditions of her employment up to and including her termination from employment.

**OBJECTION:** Defendant objects to this interrogatory because it is overly broad, unduly burdensome and is beyond the scope of permissible discovery.

### *Argument*

The objection that such requests could in some way be beyond the scope of discovery is implausible. These Interrogatories seek information that relate to Ms. Russell's employment and termination there from. This is a case in which Ms. Russell alleges discriminatory treatment, harassment and retaliatory termination. Information relating to decisions made regarding the plaintiff's complaints of harassment, the terms and conditions of her employment and her termination is highly relevant to her claims. These interrogatories also fairly include information gathered and relating to any alleged investigation of Ms. Russell's claims of sexual and gender harassment. Such information is discoverable as shown in the arguments relating to Requests For Production Nos. 1-3, 9, 11-13, 18-22 on pages 12-15 below.

 **C.** ***REQUESTS FOR PRODUCTION NOS. 1-3, 9, 11-13, 18- 22***

 1. All documents that relate to the terms, conditions or circumstances of Plaintiff's employment with or separation from employment with the defendant(s),

including, but not limited to any and all written communications between the plaintiff and the defendant(s) relating to any of these matters.

**OBJECTION:** Defendant objects to this request on the ground that it fails to describe with reasonable particularity the documents sought. Defendant further objects to this request on the grounds that it seeks information which is overly broad, unduly burdensome and is beyond the scope of permissible discovery. To the extent that this request seeks notes of witness interviews conducted as part of defendant's investigation into Ms. Russell's allegations of harassment and/or communications between defendant and its attorney, defendant objects on the grounds that said documents are protected from discovery by Fed.R.Civ.P. 26(b)(3), the work-product doctrine, and/or attorney-client privilege.

     2.     All notes, transcriptions, e-mail messages, memoranda, correspondence and other written communications by or between any agents, officers and/or employees of the defendant(s) that relate to the plaintiff's employment with or separation from employment with the defendant(s).

**OBJECTION:** Defendant objects to this request on the ground that it fails to describe with reasonable particularity the documents sought. Defendant further objects to this request on the grounds that it seeks information which is overly broad, unduly burdensome and is beyond the scope of permissible discovery. To the extent that this request seeks notes of witness interviews conducted as part of defendant's investigation into Ms. Russell's allegations of harassment and/or communications between defendant and its attorney, defendant objects on the grounds that said documents are protected from discovery by Fed.R.Civ.P. 26(b)(3), the work-product doctrine, and/or attorney-client privilege.

     3.     All notes, transcriptions, e-mail messages, memoranda, correspondence and other written communications by or between any agents, officers and/or employees of the defendant(s) that refer to the fact that the plaintiff had made complaint(s) of sexual or gender harassment.

**OBJECTION:** Defendant objects to this request on the ground that it fails to, describe with reasonable particularity the documents sought. Defendant further objects to this request on the grounds that it seeks information which is overly broad, unduly burdensome and is beyond the scope of permissible discovery. To the extent that this request seeks notes of witness interviews conduct as part of defendant's investigation into Ms. Russell's allegations of harassment and/or communications between defendant and its attorney, defendant objects on the grounds that said documents are protected from discovery by Fed.R.Civ.P. 26(b)(3), the work-product doctrine, and/or attorney-client privilege.

     9.     Any and all documents reviewed or considered in making any decision relating to the plaintiff's employment or termination there from.

**OBJECTION:** Defendant objects to this request on the ground that it fails to describe with reasonable particularity the documents sought. Defendant further objects to this request on the grounds that it seeks information which is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Defendant further objects to this request on the grounds that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney of the defendant. To the extent that this request seeks notes of witness interviews conducted as part of defendant's investigation into Ms. Russell's allegations of harassment and/or communications between defendant and its attorney, defendant objects on the grounds that said documents are protected from discovery by Fed.R.Civ.P. 26(b)(3), the work-product doctrine, and/or attorney-client privilege.

11.     All documents which describe or refer to in any way to any incidents of sexual or gender harassment of the plaintiff including but not limited to those incidents set forth in the plaintiff's Amended Complaint and those set forth on pages 3-13 of the defendant(s)' position statement at the Massachusetts Commission Against Discrimination ("MCAD') dated September 9, 2003.

**OBJECTION:** Defendant objects to this request on the ground that it fails to describe with reasonable particularity the documents sought. Defendant further objects to this request on the grounds that it seeks information which is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Defendant further objects to this request on the grounds that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney of the defendant. To the extent that this request seeks notes of witness interviews conducted as part of defendant's investigation into Ms. Russell's allegations of harassment and/or communications between defendant and its attorney, defendant objects on the grounds that said documents are protected from discovery by Fed.R.Civ.P. 26(b)(3), the work-product doctrine, and/or attorney-client privilege.

12.     All documents reflecting any investigation of any incidents of sexual or gender harassment of the plaintiff including but not limited to any alleged investigation of those incidents alleged by the plaintiff in her amended complaint and those set forth on pages 3-13 of the defendant(s)' position statement at the MCAD dated September 9, 2003.

**OBJECTION:** Defendant objects to this request on the ground that it fails to describe with reasonable particularity the documents sought. Defendant further objects to this request on the grounds that it seeks information which is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Defendant further objects to this request on the grounds that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney of the defendant. To the extent that this request seeks notes of witness interviews conducted as part of defendant's investigation into Ms. Russell's allegations of harassment and/or communications between defendant and its attorney, defendant objects on the

grounds that said documents are protected from discovery by Fed.R.Civ.P. 26(b)(3), the work- product doctrine, and/or attorney-client privilege.

13. All documents reviewed or created by any employee or agent of the defendant(s) concerning any incidents of sexual or gender harassment of the plaintiff including but not limited to those alleged by the plaintiff in her amended complaint and those set forth on pages 3-13 of the defendant(s)' position statement at the MCAD dated September 9, 2003.

**OBJECTION:** Defendant objects to this request on the ground that it fails to describe with reasonable particularity the documents sought. Defendant further objects to this request on the grounds that it seeks information which is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Defendant further objects to this request on the grounds that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney of the defendant. To the extent that this request seeks notes of witness interviews conducted as part of defendant's investigation into Ms. Russell's allegations of harassment and/or communications between defendant and its attorney, defendant objects on the grounds that said documents are protected from discovery by Fed.R.Civ.P. 26(b)(3), the work-product doctrine, and/or attorney-client privilege.

18. All documents made, created or edited by anyone including any employee or agent of the defendant(s) concerning any incidents or complaints, internal or external, of sexual, gender or any other harassment -- based on a protected classification under M.G.L. c. 151B or Title VII of the Civil Rights Act, as amended -- of any employee of the defendant(s), made against the defendant(s), its agent(s), manager(s) or employee(s) for the last 10 years.

**OBJECTION:** Defendant objects to this request on the ground that it fails to describe with reasonable particularity the documents sought. Defendant further objects to this request on the grounds that it seeks information which is overly broad. Unduly burdensome and is beyond the scope of permissible discovery. Defendant further objects to this request on the grounds that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney of the defendant. To the extent that this request seeks notes of witness interviews conducted as part of defendant's investigation into Ms. Russell's allegations of harassment and/or communications between defendant and its attorney, defendant objects on the grounds that said documents are protected from discovery by Fed.R.Civ.P. 26(b)(3), the work-product doctrine, and/or attorney-client privilege. Moreover, defendant objects to this request on the grounds that it seeks personal and confidential information concerning an employee of Long View. Finally, defendant objects to this request on the ground that it is unlikely to lead to the discovery of admissible evidence.

19. Any and all statements from any witnesses to any incidents of sexual or gender harassment of the plaintiff or any other employee, agent, or customer of the defendant(s) in the last 10 years including but not limited to those incidents

alleged by the plaintiff in her amended complaint and those set forth on pages 3-13 of the defendant(s)' position statement at the MCAD dated September 9, 2003.

**OBJECTION:** Defendant objects to this request to the extent that it that it seeks witness statements regarding sexual or gender harassment from "any other employee, agent, or customer of the defendant(s) in the last 10 years", on the grounds that said request is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Defendant further objects to this request on the grounds that it seeks personal and confidential information concerning employees of Long View. In addition, defendant objects to this request on the ground that it is unlikely to lead to the discovery of admissible evidence. To the extent that this request seeks notes of witness interviews conducted as part of defendant's investigation into Ms. Russell's allegations of harassment, defendant objects on the grounds that said documents are protected from discovery by Fed.R.Civ.P. 26(b)(3), the work-product doctrine, and/or attorney-client privilege.

20.     All documents relied on, reviewed or consulted in preparation of Timothy F. Murphy, Esq.'s July 25, 2003 letter regarding the alleged findings and conclusions regarding the plaintiff's allegations of sexual and gender harassment.

**OBJECTION:** Defendant objects to this request on the grounds that said documents are protected from discovery by Fed.R.Civ.P. 26(b)(3), the work-product doctrine, and/or attorney-client privilege. Defendant further objects to this request on the grounds that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney of the defendant.

21.     All internal or external written, MCAD or court complaints made or filed against the defendant(s) in Massachusetts for alleged discrimination including for sexual and gender harassment.

**OBJECTION:** Defendant objects to this request on the ground that it seeks information that is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Defendant further objects to this request on the ground that it is unlikely to lead to the discovery of admissible evidence. To the extent Plaintiff seeks written complaints she filed, defendant objects as the burden of securing this information is substantially the same for plaintiff as it is for the defendant.

22.     Any and all documents which in any way relate to or will be used to support the defendant(s) affirmative defense that "defendant exercised reasonable care in preventing and correcting sexually harassing behavior and plaintiff unreasonably failed to take advantage of these preventative and corrective opportunities to avoid the harm now alleged."[1]

---

[1] The defendants raise no specific objections to this request and, accordingly, expect the defendants to provide complete responses to that request..

11

*Argument*

These requests seek probative documents and information relating to Ms. Russell's employment and termination. These document requests also include all documents and information relating to Ms. Russell's claims of sexual and gender harassment and the defendants' response to such allegations, including documents relating to any claimed investigation of those harassment allegations.

The defendants' claims of attorney-client privilege and attorney work product to deprive the plaintiff of notes, reports and other information relating to the alleged investigation of her claims are unavailing. Suffice it to say, that in a case that is on all fours with this matter, Harding v. Dana Transp., Inc., 914 F. Supp. 1084(D.N.J. 1996), the Court ordered discovery of the investigative materials including notes which contained the impressions of an attorney investigator. The Court found that the employer affirmatively placed the communications "at issue" and waived any privileges because of its "reliance upon the investigation" as a defense to liability under federal and state law. Id. at 1093, 1099.

The Harding Court determined that the defendant could not on the one hand claim as a defense the adequacy of its investigation and then shroud itself and information regarding the investigation in attorney-client privilege or claim attorney work product. In Harding, much like here, prior to the filing of that plaintiff's lawsuit, the employer hired an attorney (from the same firm that later became its trial counsel in the subsequent lawsuit) to investigate the plaintiff's claims. The attorney interviewed the employer's president, controller and managers. As with the plaintiff here, the employer in Harding used information and results of the attorney's claimed

investigation to prepare a position statement to respond to the charges the plaintiff filed at the state anti-discrimination administrative agency.

During discovery in the lawsuit in Harding, the plaintiff's counsel sought production of the investigating attorney's investigative materials (including attorney notes, tape recordings, time sheets, billing records and correspondence to and from the client). The employer invoked the attorney-client and self-critical analysis privileges and claimed work product, attempting to secure a protective order prohibiting the investigative lawyer's deposition and barring discovery of his files and records. See Harding, 914 F. Supp. at 1048. The Court ordered that the plaintiff was entitled to discover the broad range of investigative materials sought prepared the attorney investigator. The Court concluded that a defendant cannot use a privilege "as both a sword and a shield." Id. at 1096.

In other analogous cases to the one at bar, Courts have followed similar reasoning as did the Court in Harding. See McGrath v. Nassau County Health Care Corp., 204 F.R.D. 240, 244 (E.D.N.Y. 2001); Worthington v. Endee, 177 F.R.D. 113, 116 (N.D.N.Y. 1998); Sealy v. Gruntal & Co., 1998 WL 698257 at * 4-5 (S.D.N.Y. 1998); Pray v. New York City Ballet Co., 1997 WL 266980, *1-3 (S.D.N.Y.1997); Peterson v. Wallace Computer Services, Inc., 984 F. Supp. 821 (D. Vt. 1997).

Courts also routinely recognize that the plaintiff may discover privileged documents and information if they have a substantial need for such documents. See Pray, 1997 WL 266980, *1-3. See also Madanes v. Madanes, 199 F.R.D. 135, 150 (S.D.N.Y. 2001); Brownell v. Roadway Package System, Inc., 185 F.R.D. 19, 26 (N.D.N.Y. 1999)(The court found that because the investigative documents were

"crucial to the determination of whether or not [the employer] can be held liable," the plaintiff demonstrated the "substantial need" necessary to compel their production).

In their answer, the defendants deny the allegation that they failed to conduct an adequate investigation of Ms. Russell's claims of gender and sexual harassment. (Answer to Amended Complaint ¶ 45.) They further deny that "no disciplinary action was taken against the individuals who harassed Ms. Russell nor would the defendants do anything to address the hostile work environment." (Answer to Amended Complaint ¶ 46.) Defendants claim in their answer the Fifth Affirmative Defense that, "Plaintiff can not recover because the Defendant exercised reasonable care in preventing and correcting sexually harassing behavior and Plaintiff unreasonably failed to take advantage of these preventative and corrective opportunities to avoid the harm now alleged." Plain from these allegations is that the defendants claim they conducted an adequate investigation and are relying on their alleged investigation to show that they "exercised reasonable care in preventing and correcting sexually harassing behavior." As in <u>Harding</u> the defendants may not use claims of privilege as both a "sword and a shield" and have waived any privilege relating to communications, documents, notes, records and impressions based on their "reliance upon the investigation."

As to Requests for Production Nos. 18-21, in addition to seeking information relating to the alleged investigation of the plaintiff's claim, these requests also seek information related to claims by other employees of incidents of sexual and gender harassment. The defendants admit in their answers to interrogatories that such claims exist. The requests also, more generally, seek information and documents relating to the defendants' handling of analogous claims. Such evidence, if

14

discovered, is reasonably calculated to lead to admissible evidence because the plaintiff may establish her claim through the use of circumstantial evidence, including evidence of the defendants' knowledge, action and inaction regarding other employee claims of harassment.  See e.g. Cummings v. Standard Register Co., 265 F.3d 50, 63 (1st Cir. 2001).    Once again, if the Court were to determine that some portion of the information is "personal and confidential information", the plaintiff would enter into a protective order to protect any information deemed as such.

### D.  REQUESTS FOR PRODUCTION NOS. 14-17

14.    All documents concerning George Leduc's employment with the defendant(s) including but not limited to documents regarding his performance, during his employment with the defendant(s).

**OBJECTION:** Defendant objects to this request on the grounds that it seeks personal and confidential information concerning an employee of Long View. Defendant further objects to this request on the ground that it is unlikely to lead to the discovery of admissible evidence.

15.    All documents reflecting any disciplinary action taken against any employee, including management employees, rendered as a result of any incidents of sexual or gender harassment of the plaintiff including but not limited to those incidents alleged by the plaintiff in her amended complaint and those set forth on pages 3-13 of the defendant(s)' position statement at the MCAD dated September 9, 2003.

**OBJECTION:** Defendant objects to this request on the grounds that it seeks personal and confidential information concerning an employee of Long View. Defendant further objects to this request on the ground that it is unlikely to lead to the discovery of admissible evidence.

16.    All documents concerning Frank Robert's employment with the defendant(s) including but not limited to documents regarding his performance, during his employment with the defendant(s).

**OBJECTION:** Defendant objects to this request on the grounds that it seeks personal and confidential information concerning an employee of Long View. Defendant further objects to this request on the ground that it is unlikely to lead to the discovery of admissible evidence.

17. All documents concerning Josh Fraser's employment with the defendant(s) including but not limited to documents regarding his performance, during his employment with the defendant(s).

**OBJECTION:** Defendant objects to this request on the grounds that it seeks personal and confidential information concerning an employee of Long View. Defendant further objects to this request on the ground that it is unlikely to lead to the discovery of admissible evidence.

### *Argument*

Personnel files of managers and other employees are generally discoverable in employment discrimination cases. Griffith v. Wal-Mart Stores, Inc., 163 F.R.D. 4,5 (E.D. Ky. 1995); Willis v. Golden Rule Ins. Co., 1991 WL 550038 at *3-4, 56 FEP Cas. (BNA) 1451, 1454 (E.D. Tenn. 1991). The plaintiff is entitled to know if any disciplined was meted out against the alleged harassers, or if they have a relevant history of harassing or other inappropriate behavior at work. The personnel files sought in this sexual and gender harassment case are also particularly probative as discussed in the argument relating to Interrogatories 11 -12 and 20-21 on page 6 above.

### E. REQUESTS FOR PRODUCTION NOS. 24-30

24. For purposes of calculating punitive damages, defendant(s) state and federal income tax returns for the most recent five years in which they have been filed.

**OBJECTION:** Defendant objects to this request as it seeks confidential, proprietary company information.

25. For purposes of calculating punitive damages, all documents reflecting defendant(s) current assets and/or liabilities and net worth.
Defendant objects to this request as it seeks confidential, proprietary company information.

**OBJECTION:** Defendant objects to this request as it seeks confidential, proprietary company information.

     26.    For purposes of calculating punitive damages, all documents reflecting for each of the past three years the gross revenues, expenses and profits and/or losses incurred by defendant(s).

**OBJECTION:** Defendant objects to this request as it seeks confidential, proprietary company information.

     27.    For purposes of calculating punitive damages, a copy of defendant(s) most recent net worth statement prepared by or for you.
Defendant objects to this request as it seeks confidential, proprietary company information.

**OBJECTION:** Defendant objects to this request as it seeks confidential, proprietary company information.

     28.    For purposes of calculating punitive damages, a copy of any appraisal, conducted at any time since January 1, 2000, of any business or personal or real property owned by defendant(s).
Defendant objects to this request as it seeks confidential, proprietary company information.

**OBJECTION:** Defendant objects to this request as it seeks confidential, proprietary company information.

     29.    For purposes of calculating punitive damages, a copy of all 2002-current year-end statements reflecting the account number and balance of any accounts owned by defendant(s), including savings, checking, annuities, or mutual, stock or bond funds.

**OBJECTION:** Defendant objects to this request as it seeks confidential, proprietary company information.

     30.    For purposes of calculating punitive damages, a copy of all 2002-current year-end statements reflecting the account number and balance of any loans or indebtedness owned by you, including but not limited to mortgages or tax liens.

**OBJECTION:** Defendant objects to this request as it seeks confidential, proprietary company information.

*Argument*

As to Requests No. 24-30, because the plaintiff seeks and may be awarded punitive damages under both state and federal law, the defendants' financial position is discoverable.  See TXO Prod. Corp. v. Alliance Resources Corp., 509 U.S. 443, 464 (1993); Labonte v. Hutchins & Wheeler, 424 Mass. 813, 827 (1997).  Federal courts have routinely determined that a detailed inquiry into the size of the defendants' business and the defendants' financial worth is relevant to the amount of punitive damages awarded.  Eichenseer v. Reserve Life Ins. Co., 934 F. 2d 1377, 1383 (5th Cir.), cert. den., 499 U.S. 914 (1991); Rodgers v. Fisher Body Division, General Motors Corp., 739 F. 2d 1102, 1109 (6th Cir.1984) (holding that jury in employment discrimination case was properly instructed "that the financial resources of defendant could be considered in fixing the amount of (punitive) damages"); Littlefield v. McGuffey, 954 F.2d 1337, 1349 (7th Cir. 1992);   Hollins v. Powell, 773 F. 2d 191, 198 (8th Cir. 1985), cert. den., 475 U.S. 1119 (1986) ("in assessing punitive damages, it is appropriate to consider a defendant's net worth"); Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 213 (9th Cir. 1988) (jury was properly instructed that it could consider defendants' net worth to determine punitive damages).  The First Circuit has stated that punitive damages must be enough to "smart"  Rowlett v. Anheuser Busch, Inc., 832 F.2d 194, 207 (1st Cir. 1987).  Therefore, a plaintiff is entitled to know the defendants' net worth to provide evidence as to what will "smart" to a particular employer.

Information about assets owned by the defendants is particularly relevant because it reveals the defendants' potential income from those operations.  See Phillips v. Hunter Trails Community Ass'n, 685 F. 2d 184, 191 (7th Cir. 1982); Davis v. The Mansards, 597 F. Supp. 334, 347 (N.D. Ind. 1984).  See also, Caruso v.

18

Coleman, 157 F.R.D. 344, 348-49 (E.D. Pa. 1994)(reviewing the federal cases on the issue and determining that the plaintiff was entitled to financial records in accordance with the majority rule).

Finally, it is not premature for a plaintiff to seek the defendants' financial information before liability is proven.  Baker v. CNA Insurance Co., 123 F.R.D. 322, 330 (D. Mont. 1988) (distinguishing between the admissibility of evidence pertaining to punitive damages, and the right of a claimant to seek information pertaining to the financial condition of a defendant prior to trial in order to prepare his case as to damages, which does require not that a prima facie case be shown). St. Joseph's Hospital v. INA Underwriters Insurance Co., 117 F.R.D. 24, 25-26 (D. Me. 1987); Security Insurance Co. of Hartford v. Meyer Trading Co., No. 86-4522, slip op. (E.D. Pa. Mar. 20, 1987) (available on LEXIS, 1987 U.S. Dist. LEXIS 14066); Marsillo v. National Surety Corp., 112 F.R.D. 692, 696 (D. Mont. 1986); Tillery v. Lynn, 607 F. Supp. 399, 402-03 (S.D.N.Y. 1985);  Vollert v. Summa Corp., 389 F. Supp. 1348, 1351 (D. Hawaii 1975) ("not premature for plaintiff to demand discovery of any financial information relevant to the question of punitive damages"); Hoffman v. Sterling Drug, Inc., 375 F. Supp. 850, 857 (M.D. Pa. 1974);  Hughes v. Groves, 47 F.R.D. 52 (W.D. Mo. 1969) ("The law...is well settled...that] [I] information regarding damages is as discoverable as is that which pertains to liability.....No prima facie showing in punitive damages is required to justify discovery.")

### III.     CONCLUSION

For all the reason set forth above the plaintiff requests that this court order complete responses to the plaintiff's  Interrogatories Nos. 11-13, 15, and 20-21 and Document Requests Nos. 1-3, 9, 11-20, 22, 24-30.

                    EMBER RUSSELL
                    By her attorney,

                    /s/ Suzanne Garrow
                    Suzanne Garrow BBO # 636548
                    Heisler, Feldman & McCormick, P.C.
                    1145 Main Street, Suite 508
                    Springfield MA  01103
                    (413)788-7988
                    (413)788-7996 (fax)

Dated: December 22, 2004

## CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the foregoing document was served by electronic and first class mail upon the attorney of record for the defendants on December 22, 2004.

                                    /s/ Suzanne Garrow
                                    Suzanne Garrow