COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss                                       SUPERIOR COURT
                                                  COURT CIVIL ACTION NO. 00-0070

NANCY DALESSIO

v.

MASSACHUSETTS MUTUAL LIFE INSURANCE CO.

### ORDER ON PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

This matter comes before the court on Plaintiff Nancy Dalessio's Motion to Compel the production of documents withheld by the Defendant Massachusetts Mutual Life Insurance Co. ("MassMutual"). As an initial matter defendant's attorney Katherine Robertson's ("Robertson") affidavit states that MassMutual has answered, or will answer subsequent to the protective order, the following requests: 7, 13-15, 19, 23, 24, 27, 29, 30, 32 and 37. The remaining requests plaintiff seeks to compel are 2, 9, 12, 16, 20, 21, 22, 26, 28, 34, and 36. See Robertson's Affidavit in Support of Defendant's Opposition to Plaintiff's Motion to Compel Production of Documents at 4.

This court declines to refer this discovery dispute or any future disputes to a discovery master. Given the nature of this case, the amount of documents that must be produced and the time constraints, the referral to a master would delay the established tracking order.

After a hearing and a review of the documents in question this court Orders as follows:

## I. - DOCUMENTS

**Request 2** - <u>Personnel Records of Current and Former MassMutual Employees, namely, Peter Daboul, Steven Hawkins, Bruce Winne, Stephen Dennehy, Kinam Kim, Paul Adornato, John Libera, Susan Alfano, and Patricia Wallington:</u>

MassMutual has offered to produce the personnel records of Peter Daboul, Bruce Winne, Stephen Dennehy and Kinam Kim (subject to a protective order). MassMutual's objection to producing records of the remaining employees rests on the argument that these are requests for private information and there has been no showing by Plaintiff of what MassMutual calls a "particularized showing of relevance." MassMutual cites <u>Whittingham</u> v. <u>Amherst</u>, 164 F.R.D. 124, 127 (D.Mass. 1995) for such a requirement. <u>Whittingham</u> does not suggest a "particularized" showing of relevance when seeking personnel records. Rather, <u>Whittingham</u> precluded recovery of personnel information in a racial discrimination case where the plaintiff made <u>no showing</u> that the individuals whose personnel files plaintiff sought to discover suffered similar treatment. <u>Id</u>. at 127. In this case, the plaintiff seeks to discover many of these individuals' files not because they were "similarly situated" as the plaintiff, but because they were treated differently as a result of age or gender. With the exception of Susan Alfano and possibly Patricia Wallington (the parties do not independently address Ms. Wallington's personnel file in their briefs nor did they do so in oral argument), it is exactly the difference in situation, i.e., male officers allegedly receiving superior

severance packages, that justifies such discovery in light of the plaintiff's complaint. With regard to Susan Alfano, MassMutual argues that she is not similarly situated. However, such an argument is hair-splitting at this stage, and instead of a mere assertion that such information is relevant, this court finds the plaintiff has provided ample justification to discover these records. Contra Whittingham, 164 F.R.D. at 127 (stating that the plaintiff offered no basis for how the personnel files he sought were relevant to his claim of disparate treatment or his claim of a pattern and practice of discrimination against black employees).

Thus, MassMutual is **ORDERED** to produce the personnel records of Steven Hawkins, Paul Adornato, John Libera, Susan Alfano and Patricia Wallington.

**Requests 9 and 34** - All documents concerning Affirmative Action Summary documents for MassMutual (9); all documents concerning the Diversity Task Force (34). Although initially unwilling to provide such information, at the 9C conference MassMutual offered to produce Affirmative Action Summary documents for the Information Systems Organization ("ISO"), the corporate unit in which plaintiff was employed. For the company as a whole, MassMutual offered to produce all documents concerning recommendations made by the Diversity Task Force. MassMutual designates federal cases protecting voluntary self-critical analysis contained in affirmative action plans. See, e.g., Whittingham, 164 F.R.D. at 129-131 (recognizing

that discovery of voluntary self-evaluative materials might curtail accurate information regarding affirmative action). See also <u>Jackson</u> v. <u>Harvard Univ.</u>, 111 F.R.D. 472, 474 (D.Mass. 1986) (affirming denial of subjective evaluative material in affirmative action compliance reports); <u>O'Connor</u> v. <u>Chrysler Corp.</u>, 86 F.R.D. 211 (D.Mass. 1980) (stating that self-evaluative portions of affirmative action summary documents prepared for governmentally imposed critical self-analysis are protected from disclosure). Other federal courts refuse to recognize the privilege claimed by MassMutual. See, e.g., <u>Spencer Sav. Bank v. Excell Mortgage Corp.</u>, 960 F. Supp. 835, 838 (D.N.J. 1997) (refusing to recognize the self-critical analysis privilege at federal common law).

Massachusetts courts have not adopted this privilege and it is unlikely that they would do so based on public policy considerations. See <u>Commonwealth</u> v. <u>Wanis</u>, 426 Mass. 639, 642 n.3 (1998) ("We have been especially reluctant to create new privileges on the basis of speculation or conjecture as to the harms which may result from our failure to do so.") (quoting <u>Babets</u> v. <u>Secretary of Human Servs.</u>, 403 Mass. 230, 238 (1988)). Hence it is **ORDERED** that MassMutual produce this information.

**Request 12** - <u>Senior and executive officer development plans and succession plans including those of individual executive development plans of MassMutual senior and executive officers.</u>

. Since the plaintiff's complaint alleges that MassMutual's president has adopted a company-wide policy of discrimination, MassMutual is **ORDERED** to produce the Senior and Executive Officer Development Plans and Succession Plans, including the documents in the Information's Systems Organization. The assessments prepared by Personnel Decisions Incorporated shall not be produced at this time.

**Request 16** - All documents concerning the Early Retirement Program announced in 1999.

MassMutual is **ORDERED** to produce these documents

**Document Requests 20, 21, and 22** - All documents concerning the Summary of Answers to Employee Questions from Mr. O'Connell (20); All documents concerning statements from Mr. O'Connell on the subject of age, gender, educational background or other qualifications of the Mass Mutual workforce (21); All audio tapes and video tapes in which Mr. O'Connell's voice or picture appears (22).

**Request 20** - Since this request is limited to Mr. O'Connell's *answers* to employees questions it is not as broad as MassMutual suggests, thus it is **ORDERED** that this material be provided to the plaintiff.

**Request 21** - This court finds this request is broad and it would be difficult to conceive how MassMutual could comply with it since there might be records of such statements not within its possession. It is therefore **ORDERED** that MassMutual

produce all documents concerning statement from Mr. O'Connell on the subject of age and gender in its possession.

**Request 22**- In oral argument, MassMutual's counsel suggested that she has turned over the only tapes MassMutual possesses with regard to this request, so the motion to compel on this request is moot at this stage.

**Request 26** - All documents maintained by the Board of Directors or the Compensation Committee of the Board of Directors concerning the compensation and promotion of Susan Alfano.

MassMutual's argument that Ms. Alfano can bring her own claim if the company discriminated against her and thus the plaintiff is not entitled to discover her personnel documents is disingenuous. While that is true, it detracts nothing from the relevancy of such information if such information does, in fact, show a pattern of discrimination by MassMutual. MassMutual also argues that Ms. Alfano was not similarly situated to the plaintiff, which is likely a more appropriate argument at the admissibility stage. Assuming MassMutual is correct, there is currently nothing before the court that would lead to the conclusion that Alfano was not "similarly situated" to the plaintiff, thus is it **ORDERED** that this material be produced.

**Request 28** - Severance Agreements with Former MassMutual Employees:

Some federal courts have precluded plaintiffs from discovering the contents of confidential settlement agreements. See, e.g., Butta-Brinkman v. FCA Int'l., 164 F.R.D.

475, 476-477 (N.D.Ill. 1995); Kalinauskus v. Wong, 151 F.R.D. 363, 367 (D.Nev. 1993). This court does not take the view that severance agreements are or should be treated as settlement agreements. It is **ORDERED** that this material be produced.

**Request 34** - (see above at Document request 9).

**Request 36** - <u>All reports summarizing the Employee Opinion Survey at both the corporate level and the business unit level.</u>

The following questions in the Employee Opinion Survey relate to equal employment opportunities:

1) "The relations between [MassMutual employees] of different races or ethnic backgrounds are usually good; and

2) "I feel that management supports equal opportunity for all [MassMutual employees]."

The Plaintiff has agreed to temporarily limit her request to number 2, which addresses equal opportunity in general, provided that MassMutual provides the plaintiff with a list of all the queries that were asked. The plaintiff has also limited her request to summary information contained in a final report to management.

It is **ORDERED** that the parties comply with the agreement as stated above.

## II. Interrogatories

MassMutual opposes the plaintiff's motion to compel answers to interrogatories numbers 2, 5, 7, 8, 10, 11, and 14.

**Interrogatories 2 and 5**: Identity of witnesses and other persons known to MassMutual to have discoverable information about the factual allegations and claims set forth in plaintiff's Complaint, together with a statement of the subject and a brief summary of that information (2); Identity of all persons who played any part in the decision to terminate Plaintiff's employment.

It is **ORDERED** that if MassMutual has not already provided the plaintiff with the answers to both interrogatories, it shall do so.

**Interrogatory 7**: Information concerning any complaint of age discrimination or sex discrimination (including sexual harassment), whether verbal or written, made by any employee of MassMutual or any MassMutual General Agent or Agent, from January 1, 1990, through the date of the plaintiff's response.

It is **ORDERED** that MassMutual produce information concerning any complaint of age and sex discrimination where MassMutual is a named party from January 1990 to the date of the plaintiff's complaint. This order does not include complaints of sexual harassment.

**Interrogatories 8, 10, and 11**: Interrogatories seeking information concerning the statistical composition of MassMutual with regard to age and gender.

It is **ORDERED** that MassMutual answer Interrogatories 8, 10 and 11 in their entirety. The answers shall cover the period from January 1, 1990, to the date of the plaintiff's complaint.

**Interrogatory 14**: <u>Identity of all executive officers who separated from MassMutual from January 1, 1995, through the date of MassMutual's answer, including: (a) the reason(s) for the separation; (b) the total compensation (including benefits) and the various components of that compensation paid or to be paid to the executive officer; (c) whether the separation was due in whole or in part to job elimination or restructuring.</u>

It is **ORDERED** that MassMutual answer Interrogatory 14 in its entirety.

Finally, this court refuses to limit Ms. Dalessio access to the files and documents related to this case. The proposal requested by MassMutual is inconvenient and impractical and --- given the distance between her home and counsel's office --- would interfere with plaintiff's ability to prepare her case. Robert Kocher shall also have access to these documents. While this court acknowledges that Mr. Kocher is an ex-employee of the defendant, is not a party to the action and is not married to Ms. Dalessio, it cannot ignore the simple fact that Mr. Kocher has had a long-term live-in relationship with the plaintiff. Additionally, it is clear that Mr. Kocher has a proactive role in this litigation. Plaintiff's counsel shall submit an affidavit detailing the location in western Massachusetts where he intends to meet with trial and deposition witnesses.

Said witnesses will be permitted to review those files marked "Confidential" and/or "Protected Matter" at that location only.

Paragraphs numbered 9 and 10 shall be deleted from this Protective Order, since it is tantamount to an impoundment of the file. To date, MassMutual has failed to advance a legitimate reason as to why this file should be treated as such. The proposed Protective Order (Plaintiff's Exhibit G) shall be revised to reflect the terms of this order. Prior to receiving access to these files Ms. Dalessio and Mr. Kocher are to execute a Commitment to Comply With and be Bound by Protective Order. Failure to abide by this order shall result in an immediate termination of access to any and all files, documents, video or audiotapes related to this case and the imposition of sanctions.

## ORDER

It is **ORDERED** that the defendant produce Documents in Request #'s 2, 9, 34, 12 as amended, 16, 20, 21 as amended, 26, 28 and 36 as agreed. It is also **ORDERED** that Mass Mutual answer Interrogatories # 2, 7 as amended, 8, 10, 11 and 14. Ms. Dalessio and Mr. Kocher and trial and deposition witnesses shall have access to the files related to this case as contained in this order. The parties shall confer and submit a Protective Order in compliance with the above by September 6, 2000.

                                         Tina S. Page
                              Associate Justice of the Superior Court

DATED: August 16, 2000