UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMBER RUSSELL,<br><br>        Plaintiff,<br><br>v.<br><br>LONG VIEW RECREATIONAL<br>VEHICLES, INC. AND LONG VIEW<br>RV SUPERSTORES,<br>        Defendant. | CIVIL ACTION NO. 04-30031-KPN |

### **DEFENDANTS' MEMORANDUM IN SUPPORT OF**
### **MOTION TO COMPEL DISCOVERY RESPONSES**

### **Introduction**

On June 12, 2003 plaintiff wrote to her supervisor requesting sick leave purportedly because of stress caused by sexual and gender harassment from her co-workers. She indicated that she had "several doctors [sic] appointments and will contact you once I have more information about my medical situation." See, Exhibit 1. A few weeks later, Plaintiff's counsel furnished defendants' counsel a letter from plaintiff's medical providers stating that plaintiff was suffering from stress-related headaches. See, Exhibit 2. This medical document was produced without any assertion of privilege.

Thereafter, plaintiff re-alleged in her complaint that workplace sexual and gender harassment caused her stress which rendered her incapable of working necessitating her request for a leave of absence. See, *Amended Complaint and Demand for Jury* at ¶¶ 41. Plaintiff further complained that the unlawful harassment she was subjected to in defendants' workplace caused her stress, humiliation and emotional distress. *Id.* at 48.

Plaintiff seeks damages for mental anguish, humiliation, and emotional distress for each of the four counts of her Complaint. *Id.* at ¶¶ 51, 54, 57, and 59. Plaintiff has since expanded the scope of the damages she seeks to include "physical pain and suffering." *Plaintiff's Initial Disclosures Pursuant to Rule 26* at p. 4. Moreover, Plaintiff disclosed that Lauren Proctor, M.D. and Christina Camera, P-AC of the Valley Medical Group have discoverable information regarding the Plaintiff's claim for damages." *Id.* at p. 3. "[T]he bulk of [plaintiff's] claim for damages derives from her emotional distress." See, Exhibit 3 at p. 2.

I.  INTERROGATORIES

   A.  INTERROGATORY NO. 8

8. If you have received any treatment, consultation or examination for any physical or mental condition relating to or resulting from any of the allegations in the Complaint, please identify the name and address of each person who rendered such service(s), state the date(s) of the service(s), and describe the nature of the service(s), including without limitation any diagnosis or prognosis rendered. Identify any documents relied upon or referred to in your answer to this Interrogatory.

**OBJECTION:** This interrogatory as written is objectionable to the extent that the information sought is protected by the psychotherapy provider or other privileges, is confidential, or is protected by privacy concerns.

ARGUMENT

Physician-patient privilege[1]

---

[1] Plaintiff did not assert this privilege as she was required to by LR 33.1(E) and, consequently, she has waived the right to assert it. However, defendants raise the subject of this privilege to assist the court in the event plaintiff seeks to raise it.

The federal law of privilege applies in federal question cases even where state law claims are heard pursuant to supplemental jurisdiction, like this one. Vanderbilt v. Town of Chilmark, et al, 174 F.R.D. 225, 226 (D. Mass. 1997)(and cases cited). However, federal common law does not recognize a physician-patient privilege. See, e.g., Whalen v. Roe, 429 U.S. 589, 602 n. 28 (1977); Patterson v. Caterpillar, Inc., 70 F.3d 503, 506 (7th Cir.1995); Gilbreath v. Guadalupe Hosp. Found., Inc ., 5 F.3d 785, 791 (5th Cir.1993); Hancock v. Dodson, 958 F.2d 1367, 1373 (6th Cir.1992). Therefore, any objection by plaintiff based on the physician-patient privilege is unavailing.[2]

Plaintiff has alleged that she suffered from headaches because of the unlawful harassment she suffered in the workplace. An employer's interrogatory and request for production which sought information concerning identity of employee's medical providers and documents relating to her medical care, treatment, and counseling were relevant to claims in employee's Title VII employment discrimination suit - even if she sought only "garden variety" damages for emotional distress - and were also relevant to preparation of employer's defenses against her emotional distress claims because her medical records might reveal stressors unrelated to her employment that might have affected her emotional well being. Owens v. Sprint/United Management Co., 221 F.R.D. 657 (D.Kan. 2004). Defendants in this case are entitled to this information for these same reasons.

---

[2] Even if the court finds the privilege to apply, plaintiff has waived the privilege by furnishing counsel for defendants a copy of her medical providers June 25, 2003 letter detailing her condition. Exhibit 2.

Psychotherapist-patient privilege[3]

By seeking damages for mental anguish, humiliation, emotional distress, and physical pain and suffering, plaintiff has waived any privilege she may have enjoyed to withhold information relating to her physical or mental condition. EEOC v. Danka Industries, Inc., 990 F.Supp. 1138, 1141 (E.D. Mo. 1997). Indeed, many federal district courts which have addressed this issue have recognized that the psychotherapist privilege is waived impliedly when the patient-plaintiff's mental condition is made an issue in the litigation. Vann v. Lone Star Steakhouse & Saloon of Springfield, Inc., 967 F.Supp. 346, 349-50 (C.D.Ill.1997) (citing Sarko v. Penn-Del Directory Co., 170 F.R.D. 127, 130 (E.D.Pa.1997)); 1142 (E.D.Mo.,1997); McKenna v. Cruz, 1998 WL 809533 (S.D.N.Y.); Sidor v. Reno, 1998 WL 164823 (S.D.N.Y.); Fox v. Gates Corp., 179 F.R.D. 303 (D.Colo.1998); Kerman v. City of New York, 1997 WL 666261 (S.D.N.Y.); Dolittle v. Ruffo, 1997 WL 151799 (N.D.N.Y.).

Disclosure is also required  - under the narrower test articulated in Vanderbilt v. Town of Chilmark, et al, 174 F.R.D. 225, 230 (D. Mass. 1997)  - because plaintiff intends to introduce evidence of her physical and mental condition to bolster her claim

---

[3] Plaintiff has insufficiently stated the basis for the privilege which has left opposing counsel and the court to guess as to what information she is actually withholding. For example, plaintiff asserts the "psychotherapy provider" privilege, however, she fails to disclose whether and with whom she has sought psychotherapeutic treatment. Thus, as a threshold matter, it is not possible to determine if this privilege applies. See, Jaffee v. Redmond, 116 S.Ct. 1923, 1931, 518U.S. 1, 15 (1996)(psychotherapist privilege only applies to confidential communications to licensed social workers, psychiatrists, and psychologists). Based on the information available to defendants, plaintiff was treated by a doctor of internal medicine and a physician's assistant and not a licensed social worker, psychiatrist or psychologist. Nevertheless, defendants will assume, for purposes of this motion, that plaintiff has treated with a licensed social worker, psychiatrist or psychologist.

for physical pain and suffering and emotional distress damages. As plaintiff claims an actual physical injury, namely headaches, from defendants alleged unlawful conduct, Cf. Sorenson v. H & R Block, Inc., 197 F.R.D. 199, 204 (D.Mass. 2000), this is not a case in which only "garden-variety" emotional distress damages are sought by plaintiff. A party waives her psychotherapist-patient privilege by electing to inject into a case either the fact of her treatment or any symptoms or conditions that she may have experienced. Santelli v. Electro-Motive, 188 F.R.D. 306, 309 (N.D.Ill., 1999). This is exactly what plaintiff has done here.

Moreover, it would be patently unfair to deprive the defendants of information relevant to plaintiff's claim for emotional distress damages. The Supreme Judicial Court recently enunciated factors that should be considered before awarding emotional distress damages for violations of Chapter 151B. Those factors are: (1) the nature and character of the alleged harm; (2) the severity of the harm; (3) the length of time the complainant has suffered and reasonably expects to suffer; and (4) whether the complainant has attempted to mitigate the harm (e.g., by counseling or by taking medication). Stonehill College v. Massachusetts Com'n Against Discrimination, 441 Mass. 549, 576, 808 N.E.2d 205, 225 (2004). Plaintiff's refusal to answer this interrogatory unfairly prevents defendants from ascertaining the length of time the complainant has suffered and reasonably expects to suffer and whether the complainant has attempted to mitigate the harm. Without this information defendants are stripped of the ability to properly and fully defend against plaintiff's claim of emotional distress.

As the party opposing discovery, Ms. Russell has the burden of establishing that discovery should not be allowed. Flag Fables, Inc. v. Jean Ann's Country Flags & Crafts, 730 F. Supp. 1165, 1186 (D. Mass. 1990).  Having failed to do so, this court should order plaintiff to answer this interrogatory.[4]

II.   DOCUMENTS REQUESTS

   A.   REQUESTS FOR PRODUCTION NOS. 1, 3-5

1.   All documents concerning any of the matters or events alleged in the Complaint, including but not limited to diaries, calendars, notebooks, notes.

Response:  This document request is objectionable to the extent that the information sought is protected by attorney-client or other privileges, is confidential protected by privacy concerns or is subject to the attorney work-product doctrine.

ARGUMENT

Plaintiff has failed without justification to respond to this request. Her blanket objection is improper because she has failed to identify the document(s) which you claim is privileged and the nature of the privilege as required by LR 34.1(E). Her failure to comply with the rules of this court have left opposing counsel and the court to guess as to what she specifically she objects. In this way, it is impossible to determine if the privileges cited by plaintiff are applicable. Plaintiff bears the burden under Fed.R.Civ.P.

---

[4] Alternatively, plaintiff may not withhold information as to whether she underwent counseling or the dates on which she did so or the bills incurred. Vanderbilt v. Town of Chilmark, et al, 174 F.R.D. 225, 230 (D. Mass. 1997) ("[f]acts regarding the occurrence of psychotherapy, such as dates of treatment, are not privileged.") Plaintiff is not excused from answering this part of the interrogatory because she has objected to another part of the interrogatory. L.R. 33.1(C)(2).

26 of establishing that information is privileged from discovery. <u>Davis v. Fendler</u>, 650 F.2d 1154, 1160 (9th Cir. 1981).

3.     All documents that support Plaintiff's claim for damages.

<u>Response</u>:  This document request is objectionable to the extent that the information sought is protected by attorney-client or other privileges, is confidential protected by privacy concerns or is subject to the attorney work-product doctrine. Subject to and without waiving said objection, see documents previously produced as part of plaintiff's Initial Disclosures. In addition, Plaintiff continues to search for other documents and will seasonably supplement her responses consistent with the Federal Rules of Civil Procedure.

<u>ARGUMENT</u>

Plaintiff has failed without justification to respond to this request as well because information regarding damages is as discoverable as information which pertains to liability. <u>Caruso v. Coleman Co.</u>, 157 F.R.D. 344, 348 (E.D.Pa. 1994). Her blanket objection is improper because she has failed to identify the document(s) she claims are privileged and the nature of the privilege as required by LR 34.1(E). Her failure to comply with the rules of this court have left opposing counsel and the court to guess as to what she specifically she objects. In this way, it is impossible to determine if the privileges cited by plaintiff are applicable. Plaintiff bears the burden under Fed.R.Civ.P. 26 of establishing that information is privileged from discovery. <u>Davis v. Fendler</u>, 650 F.2d 1154, 1160 (9th Cir. 1981).

Moreover, Plaintiff has not produced any responsive documents as part of plaintiff's Initial Disclosures or at any time thereafter.

To the extent that plaintiff objects to production of documents relating to her physical or mental condition and treatment, please refer to defendants' argument as set forth above.

4.      All records, reports, bills and other documents that relate to any treatment, examination or consultation for physical, mental or other illness or condition relating to or resulting from any of the allegations in the Complaint.

<u>Response:</u>  This document request is objectionable to the extent that the information sought is protected by attorney-client or other privileges, is confidential protected by privacy concerns or is subject to the attorney work-product doctrine. Subject to and without waiving said objection, see documents previously produced as part of plaintiff's Initial Disclosures. In addition, Plaintiff continues to search for other documents and will seasonably supplement her responses consistent with the Federal Rules of Civil Procedure.

<u>ARGUMENT</u>

Medical records in a Title VII case are fully discoverable when a plaintiff in such a suit claims damages for mental anguish. <u>Bridges v. Eastman Kodak Co.</u>, 850 F.Supp. 216 (S.D.N.Y.1994).  Defendants are entitled to know whether plaintiff's medical history contributed to her claimed emotional distress. <u>EEOC v. Danka Industries, Inc.</u>, 990 F.Supp. 1138, 1141 (E.D. Mo. 1997).

Here too, plaintiff has failed without justification to respond to this request. Her blanket objection is improper because she has failed to identify the document(s) which you claim is privileged and the nature of the privilege as required by LR 34.1(E). Her failure to comply with the rules of this court have left opposing counsel and the court to guess as to what she specifically she objects. Moreover, *Plaintiff has not produced any*

*responsive documents as part of plaintiff's Initial Disclosures or at any time thereafter.*

To the extent that plaintiff objects to production of documents relating to her physical or mental condition and treatment, please refer to defendants' argument as set forth above.

5.      All documents that relate to wages, salaries, tips, commissions or any other income or earnings of Plaintiff from 2001 to the present, including, but not limited to, pay stubs, federal and state tax returns, W-2 forms and all schedules and attachments to such documents.

Response:  This document request is objectionable in that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, see documents previously produced as part of plaintiff's Initial Disclosures. In addition, Plaintiff continues to search for other documents and will seasonably supplement her responses consistent with the Federal Rules of Civil Procedure.

## ARGUMENT

This request is not overly broad because it specifies the documents sought and is narrowly tailored in terms of the time period for which documents sought.

Moreover, tax returns are discoverable if they are relevant to the action and the information contained in the returns are not otherwise obtainable. Buntzman v. Springfield Redevelopment Authority, 146 F.R.D. 30, 32 (D.Mass. 1993). This test is met here. First, as plaintiff seeks lost wages in connection with her claims, she has placed her income at issue. See, Hilt v. SFC, Inc., 170 F.R.D. 187, 188 (D.Kan.1997) (sexual harassment plaintiff who sought back and front pay placed income at issue).  In addition, defendants' ability to confirm plaintiff's income will allow it to properly prepare

9

for issues that are likely to arise on the litigation such as interim earning and mitigation of damages. Second, Defendants have no feasible alternative source to secure information about Plaintiff's income as she worked for defendants only for about four months in 2003. Thus, this court should order Plaintiff to produce documents responsive to this request.

                                        THE DEFENDANTS
                                        By their attorney,

                                        /s/ Timothy F. Murphy
                                        Timothy F. Murphy, Esq.
                                        BBO #556429
                                        Counsel for Defendants
                                        Skoler, Abbott & Presser, P.C.
                                        One Monarch Place, Suite 2000
                                        Springfield, Massachusetts  01144
Dated:  January 4, 2005           Tel.: (413) 737-4753/Fax: (413) 787-1941


## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Defendants' Memorandum in Support of Motion To Compel Discovery Responses*, was served upon the attorney of record for each other party by first-class, U.S. mail, postage prepaid, on January 4, 2005.

                                        /s/ Timothy F. Murphy
                                        Timothy F. Murphy, Esq.