# EXHIBIT 1

June 12, 2003

George LeDuc
LongView RV Superstores
891 North King Street
Northampton, MA 01060

Dear Mr. LeDuc:

I am writing to request sick leave and inform you that I will not be in to work until further notice.

As you are aware, I have been subjected to harassment and a hostile environment in the workplace on almost a daily basis since I began my employment. As I have reported to you and Debbie, almost daily I have been subjected to sexual and gender-based harassment by a number of my coworkers. Despite my repeated complaints, LongView management has done nothing to address the harassment which continues to date. Also, as I have complained in the past, some of the sexual and gender-based harassment has been by you.

I am in need of and am requesting sick leave due to the stress I am suffering as a result of this situation at work. I have several doctors appointments scheduled and will contact you once I have more information about my medical situation.

*Ember M Russell*
Ember Russell

# EXHIBIT 2

# Heisler, Feldman & McCormick, P.C.

Attorneys at Law

Hugh D. Heisler
Joel H. Feldman
Thomas J. McCormick
Suzanne Garrow

RECEIVED
JUL - 2 2003

**VIA FACSIMILE AND FIRST CLASS MAIL**

July 1, 2003

Timothy F. Murphy, Esq.
Skoler, Abbott & Presser
One Monarch Place
Springfield, Massachusetts 01144

**Re: Ember Russell**

Dear Attorney Murphy:

    I am enclosing a copy of a letter dated June 25, 2003 from Dr. Lauren Proctor and Christina Camara PA-C. In this letter, Dr. Proctor and Ms. Camara express their belief that Ms. Russell's headaches, which began shortly after she began working at Long View RV and have gotten progressively worse during her employment, are likely tension headaches "which are triggered or worsened by stress."

Very truly yours,

Suzanne Garrow

Cc: Ember Russell



# VALLEY MEDICAL GROUP

*Prevention & Medical Care*

**Amherst Medical Center**
31 Hall Drive,
Amherst, MA 01002
413.256.8561
413.256.4318 fax

**Northampton Health Center**
70 Main Street
Florence, MA 01062
413.586.8400
413.586.9286 fax

**Greenfield Health Center**
489 Bernardston Road
Greenfield, MA 01301
413.774.6301
413.774.6528 fax

**Valley Medical Group, P.C.**
Administrative Offices
489 Bernardston Road
Greenfield, MA 01301
413.772.3327
413.772.3313 fax

June 25, 2003

RE: Ember Russell
DOB: 10/07/1983
Medical Record #: 780744435

To Whom It May Concern:

Ember Russell is currently undergoing evaluation of new-onset headaches. She first started having headaches 3 months ago. They have gotten progressively worse, especially in the last 3 weeks. A head CT scan done June 13, 2003 was negative. The headaches are most likely tension headaches, which are triggered or worsened by stress. However, migraine headache has not yet been excluded.

Sincerely,

*Christina Camara PA-C*

Christina Camara, PA-C
Physician Assistant-Certified
Amherst Medical Center

*Lauren Proctor*

Lauren Proctor, MD
Supervising Physician
Amherst Medical Center

# EXHIBIT 3

# Heisler, Feldman & McCormick, P.C.

Hugh D. Heisler
Joel H. Feldman
Thomas J. McCormick
Suzanne Garrow

Attorneys at Law


RECEIVED MAR 31 2004 By___

March 30, 2004

**<u>VIA FACSIMILE AND FIRST CLASS MAIL</u>**

Timothy Murphy, Esq.
Skoler, Abbott & Presser
One Monarch Place
Springfield, Massachusetts 01144

      Re:   *Ember Russell v. Long View Recreational Vehicles, Inc.*
            Docket No. 04 CV 30031 KPN

Dear Mr. Murphy:

      In our last conversation I had said that I would provide a proposal to you on behalf of Ms. Russell to settle this matter.

      I wanted to begin by reiterating that this is a serious matter for Ms. Russell. She was out on leave and felt she could not return to Long View without the threat of ongoing sexual harassment. The fact that Long View did not credit Ms. Russell's allegations and wanted her to return to work there amidst her harassers indicates that Long View did not understand the impact that the harassing behavior of Mr. LeDuc, Mr. Roberts and several of Ms. Russell's coworkers had on Ms. Russell.

      I know that you and your client are well aware of Ms. Russell's allegations. I will not reiterate the incidents which occurred here, as they were set forth in Ms. Russell's MCAD filing, in her Complaint filed in Court and you had the opportunity to question her with regard to those incidents. Suffice it to say that there are numerous allegations of sexual and gender based harassment both by coworkers, of which Ms. Russell's supervisors were aware, and by her supervisors, all of which went unremediated. The environment at Long View and Ms. Russell's supervisor's behavior, were intolerable and extreme. It is remarkable that many of these allegations are not denied by your client.

      Ms. Russell finally left Long View on sick leave when she was essentially made to work with the people engaged in the campaign of harassment against her. While she was working there, Ms. Russell would return home from Long View on a daily basis and feel depressed. Ms. Russell had severe headaches that were attributable to her stress at work from the harassment. Ms. Russell felt anxious and fearful because of Mr. Leduc's behavior, and at other times, angry at his actions and his and other members of management's inaction. These emotions, and Ms. Russell's other feelings of distress, continued from almost the day she

1145 Main Street, Suite 508, Springfield, MA 01103 ◆ Phone (413) 788-7988 ◆ Fax (413) 788-7996

Timothy Murphy, Esq.
Page 2 of 3

began her employment on March 1, 2003, through the summer of 2003 when the company did nothing to assure her that the harassment would end. She simply could not work at Long View without, at a minimum, an acknowledgment of the harassment and an assurance that the harassment would cease.

As you are well aware, under Massachusetts law, an employer is "liable for discrimination committed by those on whom it confers authority", which includes creating a "hostile work environment." *College-Town, et. al., v. MCAD, et. al.*, 400 Mass. 156, 166 (1986). In this case, the rule of *College-Town* means that Long View is strictly liable for its supervisor's (Mr. LeDuc's and Mr. Robert's) actions which discriminated against Ms. Russell by creating a hostile work environment. It is our position that Long View is also liable for its inaction in the face of unmitigated coworker harassment. This is especially true given that your client does not deny the harassment or its lack of a response.

As you are also well aware, if she prevails, Ms. Russell will be entitled to compensatory damages and, possibly, punitive damages. Her lost wages at this point amount to approximately $7,000. The bulk of Ms. Russell's claim for damages derives from her emotional distress. The months of sexual and gender based harassment Ms. Russell endured caused her to be unable to work in the Long View environment because of the anxiety and stress she experienced.

Her emotional distress claim is stronger than most I have seen. Other cases of constant and extreme sexual harassment in the last three or four years have resulted in awards of $275,000 (*O'Rourke v. City of Providence*, 235 F. 3d 713 (1st Cir. 2001))(hostile work environment for woman who was a fire fighter) and $300,000 (*Cadena v. The Pacesetter Corporation*, 224 F. 3d 1203 (10th Cir. 2000))(sexual harassment of telemarketer at home improvement company). I have also enclosed a compilation of relatively recent awards from federal courts across the country and state courts in Massachusetts in a variety of contexts of which I am sure you are well aware. (See attached).

I will not dwell on punitive damages here, but Ms. Russell will seek such damages should the case not be settled, and the possibility of a significant award of punitive damages exists. The case list enclosed shows some awards across the country.

<u>SETTLEMENT PROPOSAL</u>

Given Ms. Russell's belief that she will prevail, both on her strict liability and other harassment claims, she requests that she be compensated for her injury. Based upon the cases I have cited, and the list attached, Ms. Russell believes that she might recover damages of well over $200,000. However, Ms. Russell would like to settle her case at this early stage. She therefore requests that she receive $175,000 to resolve her claims, plus attorney's fees to date, based upon her emotional distress and based upon comparable damage claims.

In an effort to avoid time-consuming and costly litigation, I would be pleased to discuss a possible swift resolution with you. We believe an early settlement will benefit all parties whereas protracted litigation will likely benefit only the attorneys in the case. Please respond to this letter by April 14, 2004, as litigation is underway and the case will become

increasingly active.  Thank you for your consideration.

                                                Very truly yours,

                                                Suzanne Garrow

Cc:    Ember Russell

# DAMAGE AWARDS IN
# EMPLOYMENT DISCRIMINATION CASES
# IN FEDERAL AND MASS. STATE COURTS

O'Neal v. Ferguson Construction Company
237 F.3d 1248 (10th Cir. 2001)
**$302,721.25** in compensatory damages
Employment/Race/Retaliation

O'Rourke v. City of Providence
235 F.3d 713 (1st Cir. 2001)
**$275,000.00** in compensatory damages
Employment/Gender/Hostile Work Environment

Dodoo v. Seagate Technology, Inc.
235 F.2d 522 (10th Cir. 2000)
**$805,000.00** in damages (**$125,000.00** in emotional distress damages + **$30,000.00** in back wages + **$650,000.00** in punitive damages) capped at **$300,000.00** under §1981a
Employment/Age/Failure to Promote

Romano v. U-Haul International
233 F.3d 655 (1st Cir. 2000)
**$625,000.00** in compensatory and punitive damages, capped at **$300,000.00** under §1981a
Employment/Gender/Termination

Cadena v. Pacesetter Corporation
224 F.3d 1203 (10th Cir. 2000)
**$750,000.00** in damages (**$50,000.00** in emotional distress damages + **$700,000.00** in punitive damages) capped at **$300,000.00** under §1981a
**$131,368.30** in Attorney's Fees
Employment/Gender/Sexual Harassment

Munoz v. Oceanside Resorts, Inc.
223 F.3d 1340 (11th Cir. 2000)
**$290,125.80** in damages (**150,000.00** in emotional distress damages under state law + **$117,676** in back pay plus liquidated damages + **$22,449.80** in front pay)
Employment/Age/Termination

Hasham v. Cal. State Board of Equalization
200 F. 3d 1035, 81 FEP Cases 1451 (7th Cir. 2000)
**$350,000.00** in compensatory damages
Employment/National Origin/Failure to Promote

Damage Awards - Federal & Mass. State Courts
Page 2

Dalrymple v. Town of Winthrop
50 Mass. App. Ct. 611 (2000)
$275,000.00 in compensatory damages
$300,000.00 in punitive damages
Employment/Gender/Termination/Retaliation

Koster v. Trans World Airlines, Inc.
181 F.3d 24 (1st Cir.), cert. denied, 528 U.S. 1021 (1999)
$2,000,000.00 in compensatory damages ($1,000,000.00 x 2 multiplier under M.G.L. c. 151B, §9) remitted to $1,068,000.00 (($284,000.00 in back pay and front pay + $250,000.00 in emotional distress damages) x 2 multiplier under M.G.L. c. 151B, §9)
$155,807.50 in attorney's fees
Employment/Age/Termination

Danco, Inc. v. Wal-Mart Stores, Inc.
178 F.3d (1st Cir.), cert. denied, 120 S.Ct. 843 (1999)
$650,000.00 remitted to $300,000.00 by trial court, upheld on appeal
Race/Hostile Work Environment

Baty v. Willamette Industries Inc.
172 F.3d 1232, 79 FEP Cases (10th Cir.1999)
$145,000.00 in compensatory damages and $1,000,000.00 in punitive damages capped at $300,000.00 under §1981a
$205,000.00 in lost wages remitted to $60,483.00
Employment/Gender/Sexual Harassment/Termination/Retaliation

Moore v. Kuka Welding Systems & Robot Corp.
171 F.3d 1073, 79 FEP Cases 795 (6th Cir.1999)
$70,000.00 in compensatory damages
$70,000.00 in punitive damages
Employment/Race/Hostile Work Environment

Quinn v. Nassau County Police Dept.
53 F.Supp.2d 347, 80 FEP Cases 286 (E.D.N.Y.1999)
$250,000.00 in emotional distress damages
Employment/Sexual Orientation/Hostile Work Environment

Roberts v. Roadway Express, Inc.
149 F.3d 1098 (10th Cir. 1998)
$185,000.00 in damages (85,000.00 in emotional distress damages + $100,000.00 in punitive damages)
$71,385.50 in Attorney's Fees
Employment/Race/Retaliation

Case 3:04-cv-30031-KPN   Document 20-2   Filed 01/04/2005   Page 12 of 13

Damage Awards - Federal & Mass. State Courts
Page 3

Kelley v. Airborne Freight Corp.
140 F.3d 335, 76 FEP Cases 1340 (1st Cir.1998)
**$3,136,858.00** in damages ((**$150,000.00** in emotional distress damages + **$253,442.08** in back wages + **$1,000,000.00** in front wages) x 2.25 multiplier under M.G.L. c. 151B, §9
Employment/Age/Termination

Williams v. Pharmacia, Inc.
137 F.3d 944 (11th Cir. 1998)
**$1,250,000.00** (**$500,000.00** in compensatory damages + **$750,000.00** in punitive damages) capped at **$300,000.00** under §1981a
**$180,000.00** in back pay
**$115,530.00** in front pay
Employment/Gender/Failure to Promote/Retaliation/Termination

Agonafer v. Rubin
35 F.Supp.2d 300, 77 FEP Cases 1565 (S.D.N.Y.1998)
**$140,000.00** in compensatory damages
Employment/Race/Failure to Promote

Blakey v. Continental Airlines, Inc.
992 F.Supp. 731 (D.N.J.1998)
**$500,000.00** in emotional distress damages remitted to **$250,000.00**
**$360,000.00** in lost wages
Employment/Gender/Hostile Work Environment

City of Salem v. MCAD
44 Mass.App.Ct. 627 (1998)
**$339,297.20** (**$239,297.20** in lost wages and benefits + **$100,000.00** in emotional distress damages)
**$124,406.65** in attorney's fees
Employment/Race/Failure to Hire

Brownlie v. Kanzaki Specialty Papers, Inc.
44 Mass.App.Ct. 408 (1998)
**$624,504.00** in compensatory damages
**$157,492.50** in attorney's fees
Employment/Age/Termination

Smith v. Norwest Financial Acceptance, Inc.
129 F.3d 1408 (10th Cir. 1997)
**$359.000.00** in damages (**$270,000.00** in emotion distress + **$89,000.00** in lost future benefits) capped at **$200,000.00** under §1981a
**$93,507.31** in Costs and Attorney's Fees
Employment/Gender/Hostile Work Environment

Case 3:04-cv-30031-KPN    Document 20-2    Filed 01/04/2005    Page 13 of 13

Damage Awards - Federal & Mass. State Courts
Page 4

Luciano v. Olston Corporation
110 F.3d 210 (2d Cir. 1997)
**$162,114.00** in compensatory damages
**$5,000,002.00** in punitive damages capped at **$300,000.00** under § 1981a
Employment/Gender/Failure to Promote/Termination

Passantino v. Johnson & Johnson Consumer Products Inc.
982 F.Supp.786, 77 FEP Cases 275 (W.D.Wash.1997)
**$8,600,000.00** in punitive damages capped at **$300,000.00** under §1981a
**$3,100,000.00** in compensatory damages under state law claim
Employment/Gender/Retaliation

Martini v. Federal National Mortgage Assn.
977 F.Supp. 464, 79 FEP Cases (D.D.C.1997)
**$4,893,807.40** in lost wages, emotional distress and punitive damages under Title VII
    capped at **$300,000** under §1981a
**$500,000.00** in emotional distress damages under D.C. Human Rights Act
    remitted to **$100,000.00**
**$1,000,000.00** in punitive damages under D.C. Human Rights Act
    remitted to **$200,000.00**
Employment/Gender/Sexual Harassment/Retaliation

Powers v. H.B. Smith Co.
42 Mass.App.Ct. 657, 679 N.E.2d 252 (1997)
**$750,000.00** in damages remitted to **$350,000.00** by trial court; upheld on appeal
Employment/Age/Termination

Annis v. City of Westchester
939 F.Supp. 1115, 76 FEP Cases 1039 (S.D.N.Y.1996)
**$266,001.00** in compensatory damages remitted to **$100,001.00**
Employment/Gender/Terms & Conditions

Abrams v. Lightolier, Inc.
50 F.3d 1204 (3rd Cir. 1995)
**$473,953.45** in compensatory damages
**$546,379.59** in Attorney's Fees
Employment/Age/Termination

Fontaine v. Ebtec Corporation
415 Mass. 309 (1993)
**$565,844.00** in compensatory damages
**$132,323.00** in Attorney's Fees
Employment/Age/Termination