UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EMBER RUSSELL,<br><br>        Plaintiff,<br><br>v.<br><br>LONG VIEW RECREATIONAL VEHICLES, INC. AND LONG VIEW RV SUPERSTORES,<br><br>        Defendant. | CIVIL ACTION NO. 04-30031-KPN |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

I.  INTERROGATORIES

    A.  INTERROGATORIES NOS. 11-12, 20-21

    11.  Over the past ten (10) years, has any employee of one or both of the defendants filed a complaint against the defendant(s) or any manager, supervisor or agent of the defendant(s) with the Massachusetts Commission Against Discrimination?

**OBJECTION:** Defendant objects to this interrogatory to the extent that it that it seeks information regarding complaints filed by persons other than the plaintiff on the grounds that said request is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Defendant further objects to this interrogatory on the grounds that it seeks personal and confidential information concerning employees or former employees of Long View. In addition, defendant objects to this interrogatory on the ground that it is unlikely to lead to the discovery of admissible evidence.

**ANSWER:** Subject to and without waiving the above objections, yes.

12. <u>If the answer to the preceding Interrogatory is affirmative, please set forth the name, address and phone number of each such employee, the date each such complaint was filed, a brief description of the claim(s) asserted against one or both of the defendants or the manager, supervisor or agent of the defendant(s), the dates of their employment with the defendant(s), and the date and reason for the separation of their employment with the defendant(s), if applicable.</u>

**OBJECTION:** Defendant objects to this interrogatory to the extent that it that it seeks information regarding complaints filed by persons other than the plaintiff on the grounds that said request is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Defendant further objects to this interrogatory on the grounds that it seeks personal and confidential information concerning employees or former employees of Long View. In addition, defendant objects to this interrogatory on the ground that it is unlikely to lead to the discovery of admissible evidence.

20. <u>Over the past ten (10) years, has any employee of one or both of the defendants made any complaint, oral or in writing, internally or externally, against the defendant(s) or any manager, supervisor or agent of the defendant(s) for sexual or gender harassment?</u>

**OBJECTION:** Defendant objects to this interrogatory to the extent that it that it seeks information regarding complaints filed by persons other than the plaintiff on the grounds that it is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Defendant further objects to this interrogatory on the grounds that it seeks personal and confidential information concerning employees or former employees of Long View. In addition, defendant objects to this interrogatory on the ground that it is unlikely to lead to the discovery of admissible evidence.

**ANSWER:** Subject to and without waiving the above objections, yes.

21. <u>If the answer to the preceding Interrogatory is affirmative, please set forth the name, address and phone number of each such employee, the date each such</u>

<u>complaint was made, a brief description of the complaint asserted against one or both of the defendants or the manager, supervisor or agent of the defendant(s), the dates of the complainant's employment with the defendant(s), and the date and reason for the separation of their employment with the defendant(s), if applicable.</u>

**OBJECTION:** Defendant objects to this interrogatory to the extent that it that it seeks information regarding complaints filed by persons other than the plaintiff on the grounds that it is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Defendant further objects to this interrogatory on the grounds that it seeks personal and confidential information concerning employees or former employees of Long View.  In addition, defendant objects to this interrogatory on the ground that it is unlikely to lead to the discovery of admissible evidence.

<u>ARGUMENT</u>

While Interrogatories 11 and 20 are objectionable, defendants answered them subject to objections. Thus, there is nothing to compel. However, Interrogatories 12 and 21 which seek details with respect to prior claims are objectionable and were not answered by defendants based on the stated objections.

<u>Interrogatory 12</u>

In essence this interrogatory asks if any person has filed a complaint against any agent of defendants at the MCAD for any reason during the last ten years. There is just no probative value to plaintiff if, for instance, a different employee at different facility[1] filed a complaint against at different supervisor in 1994 for age discrimination. See, <u>Goldman v. First Nat'l Bank</u>, 985 F.2d 1113, 1119 (1st Cir.1993) (anecdotal evidence did not give rise to reasonable inferences supporting plaintiff's claim of age

discrimination). Indeed, the "biases of one who neither makes *nor influences* the challenged personnel decision are not probative in an employment discrimination case". Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 10 (1st Cir.1990). Plaintiff relies on Cummings v. Standard Register Co., 265 F.3d 56 (1st Cir. 2001) for its request to discover information on prior unrelated discrimination claims. While the First Circuit did uphold the trial judge's admission of some evidence at trial on prior unrelated discrimination claims, it stated that, "the question is close and exclusion of the evidence would not have been error." Cummings, supra. at 265 F.3d 63 -64.

Moreover, plaintiff's request is far too broad. Prior claims of discrimination against a defendant are not discoverable if not limited to the same form of discrimination claimed by plaintiff, to the same department or agency where plaintiff worked, and to a reasonable time before the discrimination complained of. (citation omitted). Mitchell v. National R.R. Passenger Corp., 217 F.R.D. 53, 57 (D.D.C. 2003). Russell may not conduct a "fishing expedition" into areas unrelated to her claims. See, Zahorik v. Cornell University, 98 F.R.D. 27, 31 (D.C.N.Y. 1983). Similarly, permitting Russell to discover information outside of the Massachussets facility where she worked would similarly allow her to conduct a fishing expedition. Discovery of information outside of the Massachusetts facility is simply irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. See, Chavez v. DaimlerChrysler Corp., 206 F.R.D. 615, 620 (S.D.Ind. 2002).

---

[1] Defendants maintain facilities in Massachusetts, Connecticut, and Florida. Plaintiff worked at the Massachusetts facility.

In addition, the ten year timeframe of plaintiff's requested discovery is unreasonably expansive. Other courts have placed reasonable limits upon the time periods for which discovery responses must be produced in employment discrimination cases. See, e.g., Obiajulu v. City of Rochester Department of Law, 166 F.R.D. 293, 296 (W.D.N.Y.1996) (rejecting the plaintiff's requested eleven year discovery period and substituting period of three years) Hicks v. Arthur, 159 F.R.D. 468, 471 (E.D.Pa.1995) (allowing discovery of four months prior to and two years after the tenure of the plaintiffs); Miles v. Boeing Co., 154 F.R.D. 117 (E.D.Pa. 1994)(discovery allowed for period of two years before date of alleged discrimination).

Interrogatory 21

Defendants should not be compelled to answer this interrogatory for the reasons argued as to Interrogatory 12.[2]

    B.    **INTERROGATORIES NOS. 13 and 15**

13.    Describe in complete detail the substance of every communication between any agent, officer or employee of the defendant(s) and anyone else other than the plaintiff at any time prior to the termination of the plaintiff's employment during which communication the plaintiff's current and former employment status with the defendant(s) was mentioned or discussed, and include for each such communication the names and addresses of the persons involved in the communication, the date of the communication, and whether the fact that the plaintiff had complained of sexual harassment was mentioned either directly or indirectly during the course of each such communication and whether any documents were reviewed or generated and, if so identify those documents.  As to each communication include the following:

    a)    The date of each such communication;

    b)    The name, address, and relationship to the defendant(s), if any, of the person(s) who participated in each such communication;

---

[2] Interrogatory 21 differs from interrogatory 12 in that it specifically seeks information relating to past sexual or gender harassment claims. Nevertheless, the court may not properly compel and answer to it because it remains irrelevant and overly broad.

   c) <u>Whether each such communication was written or oral, and, if oral, whether the communication took place in person or over the telephone; and</u>

   d) <u>the name(s) of the person(s) who initiated the communication</u>.

**OBJECTION:** Defendant objects to this interrogatory because it is overly broad, unduly burdensome and is beyond the scope of permissible discovery.

ARGUMENT

In essence this interrogatory asks defendants to detail every workplace conversation any of its agents ever had with the plaintiff about her "employment status." The term "employment status" is so broad that it covers practically every possible workplace communication between plaintiff and defendants. Indeed every request for a coffee break or day off or exchange about a routine work assignment could reasonably be considered a communication about "employment status". Although plaintiff abandoned her position with defendants after about three and one-half months, it is reasonably likely that she had hundreds of workplace communications bearing on her "employment status." To require defendants to ferret out among its current and former employees each and every one of these communications would be an impossible task and would constitute an undue burden.

Plaintiff's "kitchen sink" approach to drafting this interrogatory far exceeds the liberal discovery standards under the federal rules of procedure. If, however, plaintiff narrowed this interrogatory to seek information about communications germane to the allegations in her Amended Complaint, defendants would likely have no reasonable basis to object and refuse to answer.

15. <u>Please set forth every factor, criterion, inference or assumption taken into consideration by the defendant(s) in reaching any decisions relative to any complaint or request made by the complainant relating to the terms or conditions of her employment up to and including her termination from employment.</u>

**OBJECTION:** Defendant objects to this interrogatory because it is overly broad, unduly burdensome and is beyond the scope of permissible discovery.

ARGUMENT

Like Interrogatory 13 above, this interrogatory is overly broad, unduly burdensome and is beyond the scope of permissible discovery because it asks defendants to detail every decision it made relative to the terms or conditions of plaintiff's employment. Thus, as written, this interrogatory directs defendants to dissect, for instance, every factor defendants considered in establishing plaintiff's initial rate of pay or work schedule, and its thought process behind every routine work assignment. Again, this interrogatory likely covers hundreds of decisions: the lion's share of which dealt with mundane matters and the minutiae of directing personnel in the recreational vehicle business. This, too, would be an impossible task and would create an undue burden on defendants.

The federal rules of procedure do not sanction this shotgun approach to discovery. If, however, plaintiff narrowed this interrogatory to seek information about decisions germane to the allegations in her Amended Complaint, defendants would likely have no reasonable basis to object and refuse to answer.

II. <u>DOCUMENTS REQUESTS</u>

    A. <u>REQUESTS FOR PRODUCTION NOS. 1-3, 9, 11-13, 18-22</u>

On December 28, 2004, in response to this motion, defendants supplemented its responses to *Requests for Production Nos*. 1-3, 9, 11-13. Defendants believe that these supplemental responses render plaintiff's motion to compel as to these particular requests moot.

Request for Production No. 18

18.    All documents made, created or edited by anyone including any employee or agent of the defendant(s) concerning any incidents or complaints, internal or external, of sexual, gender or any other harassment -- based on a protected classification under M.G.L. c. 151B or Title VII of the Civil Rights Act, as amended -- of any employee of the defendant(s), made against the defendant(s), its agent(s), manager(s) or employee(s) for the last 10 years.

**OBJECTION:** Defendant objects to this request on the ground that it fails to describe with reasonable particularity the documents sought. Defendant further objects to this request on the grounds that it seeks information which is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Defendant further objects to this request on the grounds that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney of the defendant. To the extent that this request seeks notes of witness interviews conducted as part of defendant's investigation into Ms. Russell's allegations of harassment and/or communications between defendant and its attorney, defendant objects on the grounds that said documents are protected from discovery by Fed.R.Civ.P. 26(b)(3), the work-product doctrine, and/or attorney-client privilege. Moreover, defendant objects to this request on the grounds that it seeks personal and confidential information concerning an employee of Long View.  Finally, defendant objects to this request on the ground that it is unlikely to lead to the discovery of admissible evidence.

ARGUMENT

On December 28, 2004, in response to this motion, defendants supplemented its response to *Requests for Production No.* 18 as follows:

**OBJECTION:** Defendant objects to this request on the ground that it fails to describe with reasonable particularity the documents sought. Defendant further objects to this request on the grounds that it seeks information which is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Defendant further objects to this request to the extent that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney of the defendant. Moreover, defendant objects to this request on the grounds that it seeks personal and confidential information concerning an employee of Long View.  Finally, defendant objects to this request on the ground that it is unlikely to lead to the discovery of admissible evidence.

**RESPONSE:** Subject to and without waiving the above objections, for documents responsive to this request with respect to plaintiff please refer to Supplemental Response to Document Request No. 1; documents produced in defendant's initial Response to Plaintiff's First Request For Production Of Documents; the documents identified in *Defendant's Rule 26(A)(1) Disclosures;* the copy of Ms. Russell's personnel file previously furnished to counsel for Ms. Russell on July 1, 2003; and the submissions to the Massachusetts Commission Against Discrimination filed by Defendant/Respondent(s).

This supplemental response provided notes of interviews with plaintiff and other employees conducted as part of the internal investigation into plaintiff's June 12, 2003 complaint of sexual harassment as well as a summary of these interviews by the

investigator.  The issue remaining of whether defendants must produce documents "concerning any incidents or complaints, internal or external, of sexual, gender or any other harassment -- based on a protected classification under M.G.L. c. 151B or Title VII of the Civil Rights Act, as amended -- of any employee of the defendant(s), made against the defendant(s), its agent(s), manager(s) or employee(s) for the last 10 years" other than plaintiff's. For the reasons set forth above as to Interrogatories 12 and 20, defendants assert that this court should not compel production of any such documents.

Request for Production No. 19

19.    Any and all statements from any witnesses to any incidents of sexual or gender harassment of the plaintiff or any other employee, agent, or customer of the defendant(s) in the last 10 years including but not limited to those incidents alleged by the plaintiff in her amended complaint and those set forth on pages 3-13 of the defendant(s)' position statement at the MCAD dated September 9, 2003.

**OBJECTION:** Defendant objects to this request to the extent that it that it seeks witness statements regarding sexual or gender harassment from "any other employee, agent, or customer of the defendant(s) in the last 10 years", on the grounds that said request is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Defendant further objects to this request on the grounds that it seeks personal and confidential information concerning employees of Long View.  In addition, defendant objects to this request on the ground that it is unlikely to lead to the discovery of admissible evidence.  To the extent that this request seeks notes of witness interviews conducted as part of defendant's investigation into Ms. Russell's allegations of harassment, defendant objects on the grounds that said documents are protected from discovery by Fed.R.Civ.P. 26(b)(3), the work-product doctrine, and/or attorney-client privilege.

**RESPONSE:** Subject to and without waiving the above objections, plaintiff submitted a written statement to the defendant dated, June 12, 2003, complaining of workplace harassment, this document is affixed hereto as part of Exhibit 1.

ARGUMENT

On December 28, 2004, in response to this motion, defendants supplemented its response to *Requests for Production No*. 19 as follows:

**OBJECTION:** Defendant objects to this request to the extent that it that it seeks witness statements regarding sexual or gender harassment from "any other employee, agent, or customer of the defendant(s) in the last 10 years", on the grounds that said request is overly broad, unduly burdensome and is beyond the scope of permissible discovery. Defendant further objects to this request on the grounds that it seeks personal and confidential information concerning employees of Long View.  In addition, defendant objects to this request on the ground that it is unlikely to lead to the discovery of admissible evidence.

**RESPONSE:** Subject to and without waiving the above objections, plaintiff submitted a written statement to the defendant dated, June 12, 2003, complaining of workplace harassment, which was produced as part of Exhibit 1 to defendant's initial *Response to Plaintiff's First Request for Production of Documents*. There are no other statements written by witnesses with respect to plaintiff's present claims in defendant's possession, custody, or control.

Thus, this supplemental response definitively discloses that there are no "statements written by witnesses with respect to plaintiff's present claims in defendant's possession, custody, or control."  This leaves the issue of whether defendants must

produce witness statements relating "to any incidents of sexual or gender harassment of the plaintiff or any other employee, agent, or customer of the defendant(s) in the last 10 years." For the reasons set forth above as to Interrogatories 12 and 20, defendants assert that this court should not compel production of any such documents.

    B.    <u>REQUESTS FOR PRODUCTION NOS. 24-30</u>

    24.    <u>For purposes of calculating punitive damages, defendant(s) state and federal income tax returns for the most recent five years in which they have been filed.</u>

    **OBJECTION:** Defendant objects to this request as it seeks confidential, proprietary company information.

    25.    <u>For purposes of calculating punitive damages, all documents reflecting defendant(s) current assets and/or liabilities and net worth.</u>

    **OBJECTION:** Defendant objects to this request as it seeks confidential, proprietary company information.

    26.    <u>For purposes of calculating punitive damages, all documents reflecting for each of the past three years the gross revenues, expenses and profits and/or losses incurred by defendant(s).</u>

    **OBJECTION:** Defendant objects to this request as it seeks confidential, proprietary company information.

    27.    <u>For purposes of calculating punitive damages, a copy of defendant(s) most recent net worth statement prepared by or for you.</u>

    **OBJECTION:** Defendant objects to this request as it seeks confidential, proprietary company information.

    28.    <u>For purposes of calculating punitive damages, a copy of any appraisal, conducted at any time since January 1, 2000, of any business or personal or real property owned by defendant(s).</u>

**OBJECTION:** Defendant objects to this request as it seeks confidential, proprietary company information.

29. <u>For purposes of calculating punitive damages, a copy of all 2002- current year-end statements reflecting the account number and balance of any accounts owned by defendant(s), including savings, checking, annuities, or mutual, stock or bond funds.</u>

**OBJECTION:** Defendant objects to this request as it seeks confidential, proprietary company information.

30. <u>For purposes of calculating punitive damages, a copy of all 2002- current year-end statements reflecting the account number and balance of any loans or indebtedness owned by you, including but not limited to mortgages or tax liens.</u>

**OBJECTION:** Defendant objects to this request as it seeks confidential, proprietary company information.

ARGUMENT

The financial status of defendants can not be discovered without a prima facie showing by plaintiff of sufficient facts to support her punitive damages claim. <u>Johnson v. Con-Vey/Keystone, Inc</u>. 1995 WL 82271, 1 (D.Or. 1995); <u>Chenoweth v. Schaaf</u>, 98 F.R.D. 587, 589 -590 (D.C.Pa.1983).

There are no reported decisions in the District of Massachusetts on this issue and the First Circuit Court of Appeals has not addressed the issue either.[3]

Plaintiff has pled no facts at all supporting her claim for punitive damages. Punitive damages may be awarded only if plaintiff establishes at trial that defendants discriminated against her "with malice or with reckless indifference" to her rights.

---

[3] While the First Circuit affirmed a decision of the District of Rhode Island in <u>CEH, Inc. v. FV "Seafarer"</u>, 153 F.R.D. 491 (D.R.I.1994), in which the district court decided that a plaintiff need not establish a prima facie case on punitive damages before discovering

Brissette v. Franklin County Sheriff's Office, et al, 235 F.Supp.2d 63, 94, *quoting*

Marcano-Rivera v. Pueblo International, Inc., 232 F 3d 245, 253 (1st Cir. 2000). Absent

a prima facie showing on punitive damages, plaintiff is not entitled to discover

defendants financial information for that purpose.

|  |  |
|---|---|
|  | THE DEFENDANTS<br>By their attorney,<br><br> /s/ Timothy F. Murphy<br>Timothy F. Murphy, Esq.<br>BBO #556429<br>Counsel for Defendants<br>Skoler, Abbott & Presser, P.C.<br>One Monarch Place, Suite 2000<br>Springfield, Massachusetts   01144 |
| Dated:   January 4, 2005 | Tel.: (413) 737-4753/Fax: (413) 787-1941 |

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Defendants' Opposition To Plaintiff's Motion To Compel Discovery,* was served upon the attorney of record for each other party by via electronic delivery on January 4, 2005.

  __/s/ Timothy F. Murphy__
  Timothy F. Murphy, Esq.

F:\OFFICE DOCUMENTS\Data\Longview Recreational Vehicles\Russell, Ember\Litigation 04-30031-KPN\First Request for Production of Documents.wpd

---

defendant's financial information that issue not before the court on appeal. See, CEH, Inc. v. FV "Seafarer", 70 F.3d 694 (1st Cir.1995).