UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EMBER RUSSELL,

        Plaintiff,

vs.

LONG VIEW RECREATIONAL
VEHICLES, INC. and LONG VIEW RV
SUPERSTORES,

        Defendant.

CIVIL ACTION NO. 04-30031-KPN

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES

    Ember Russell commenced this sexual and gender-based harassment action at the Massachusetts Commission Against Discrimination and then filed suit in this Court in February 2004.  Ms. Russell alleges that she was subjected to ongoing gender and sexual harassment by her supervisor and coworkers.  She alleges that she complained about the harassment and that it went unremediated.  As a result of this ongoing harassment Ms. Russell alleges that she could no longer go to work in the hostile environment created and fostered by the defendants.  She was required by the defendants to provide a doctor's note in support of her claim, which she did.  (See Exhibit 1, attached; Defendants' Memorandum in Support of Motion to Compel Discovery Responses, at Exhibit 2.)  It was not until that time when the defendants did any sort of investigation of Ms. Russell's claims.  After which time, the defendants failed to take any remedial action and told Ms. Russell that she was required to return to work

1

in the same hostile environment. Ms. Russell did not return to work and was terminated.

Ms. Russell alleges that she was discriminated against and retaliated against for reporting harassment. She claims "garden variety" emotional distress as a result. She does not intend to use any expert testimony to support her claim for emotional distress, nor will she introduce any privileged communications in evidence at trial. In her answers to discovery, Ms. Russell asserts privacy concerns and her federal psychotherapy privilege. Ms. Russell now asks this Court to protect her privacy and protect her psychological and medical records from disclosure.

## INTERROGATORIES

8. If you have received any treatment, consultation or examination for any physical or mental condition relating to or resulting from any of the allegations in the Complaint, please identify the name and address of each person who rendered such service(s), state the date(s) of the service(s), and describe the nature of the service(s), including without limitation any diagnosis or prognosis rendered. Identify any documents relied upon or referred to in your answer to this Interrogatory.

> **Objection:** This interrogatory as written is objectionable to the extent that the information sought is protected by the psychotherapy provider or other privileges, is confidential, or is protected by privacy concerns.

## ARGUMENT

### *Ms. Russell's medical records are protected by her privacy interests.1*

Although there is no federal physician-patient privilege, a litigant's medical records may be protected from disclosure because of a patient's privacy interests.

---

1 The federal psychotherapy privilege extends to medical records of medical providers providing psychological counseling and treatment. Fitzgerald v. Cassil, 216 F.R.D. 632, 634 (N. D. Ca. 2003). To the extent that Ms. Russell sought psychological or therapeutic treatment from her medical providers, those records are protected by the psychotherapist-patient privilege as discussed more fully at pages 5

Whalen v. Roe, 429 U.S. 589, 599-600 (1977); see also Caesar v. Mountanos, 542 F.2d 1064, 1067 n. 9 (9th Cir.1977).  A Court will balance the relevance of the requested documents and information against the need for privacy.  Fritsch v. City of Chula Vista,187 F.R.D. 614, 633 (S.D. Calif. 1999).  Moreover, Federal Rule of Civil Procedure 26(c) gives this Court broad discretion to limit disclosure of even relevant information.

Here, however, the plaintiff's medical records are not relevant.  Ms. Russell's medical records are not reasonably calculated to lead to the discovery of admissible evidence because she has not made any claim for bodily injury other than those that flow from or are directly linked to her emotional distress.  Fitzgerald, 216 F.R.D. at 634.  Nor has she made any claim of extreme psychic injury.

Even if this Court were to accept the defendants' argument, that Ms. Russell's "medical records might reveal stressors unrelated to her employment that might have affected her well being" the defendants' are still not entitled to disclosure of her medical records.  In a case much like the matter before the Court, a defendant's request for information including names, addresses and telephone numbers of "each and every health care provider which has provided any service" to the plaintiff was rejected, and the court quashed subpoenas of all of the plaintiff's medical records.  Fritsch, 187 F.R.D. at 633-34.  The court explicitly rejected the argument that the defendants set forth here, that the medical records may contain other possible sources of emotional distress in her life other than the events in the case.  Id.  The court determined that any potential relevance of the information sought by the defendants was minimal and left the

---

through 9 below.

plaintiff to her proof that the defendant's actions caused her claimed emotional distress. Id.  The court further found that any possible relevance of the requested information is clearly outweighed by the hardship to the plaintiff in providing her private medical records to the defendants. Id. 2

Ms. Russell also did not waive her right to non-disclosure by providing some information regarding her medical and psychological therapeutic providers to the defendants.  The defendants required Ms. Russell to provide them with the June 25, 2003 letter in order to sustain her leave of absence and not be terminated from her employment.  (See Exhibit 1, attached.)  To now compel disclosure by Ms, Russell of further private information because of what was, in essence, forced disclosure of private information would be extremely unfair and would chill employees from taking necessary medical leaves of absence.

Finally, Ms. Russell should not be penalized for complying with Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.2.  The mere fact that she provided the names of her medical and psychological therapeutic providers as having discoverable information does not mean that she has waived any rights of non-disclosure.  Providing such information is required and gives the defendants the ability to challenge her non-

---

2 Although the defendants have not made this unrelated stressors argument as to Ms. Russell's psychological records, courts have recognized that it is "at the heart of evidentiary privileges to sacrifice some availability of evidence relevant [sic] to an administration of justice, and that such sacrifice was warranted by the social importance of the interests and relationships the privileges seek to protect." Fritsch v. City of Chula Vista,187 F.R.D. at 628 (S.D. Calif 1999)(internal citations omitted).  The Fritsch court cited with approval a case from the Supreme Court of Colorado, Johnson v. Trujillo, 977 P.2d 152 (Colo.1999), which stated that in a situation where the plaintiff sought prior counseling for other unrelated issues and did not seek to use a treating psychologist as an expert witness, that the privilege must be upheld and that to hold otherwise would "degrade the privileges and undermine the public policy of preserving confidence that they were designed to implement." Fritsch,187 F.R.D. at 628 quoting Johnson, 977 P.2d at 158.

disclosure as they are doing here.

***Ms. Russell's psychotherapy records are protected by the federal psychotherapy privilege enunciated in <u>Jaffee v. Redmond.</u>***

The Supreme Court recognizes a federal psychotherapy privilege holding that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence."  <u>Jaffee v. Redmond</u>, 518 U.S. 1, 10 (1996).  The Court noted that the privilege is similar to the spousal and attorney-client privilege, as all of these privileges are based on the critical need for "confidence and trust."  <u>Id.</u>  The Court found this need so compelling that it created an unconditional privilege.  <u>Id.</u>  The plaintiff here has received psychotherapeutic treatment.  The privilege in <u>Jaffee</u> protects the communications sought by the defendants, between the plaintiff and her psychotherapeutic providers.  <u>Jaffee</u>, 518 U.S. at 15-17.   The psychotherapist-patient privilege should be broadly construed, particularly in civil rights cases because of the remedial nature of the statute and the importance of a litigant's access to the courts.  <u>Fitzgerald</u>, 216 F.R.D. at 639.

Ms. Russell has not made her privileged psychotherapeutic communications open to discovery simply because she claims damages for mental anguish and emotional distress.  While there are certain limited circumstances in which a plaintiff can waive the privilege set forth in <u>Jaffee</u>, this court should follow test articulated in <u>Vanderbilt v. Town of Chilmark</u>, 174 F.R.D. 225 (D. Mass. 1997) and uphold Ms. Russell's right of non-disclosure.

In <u>Chilmark</u>, Judge Tauro held that the psychotherapist-patient privilege is

waived only where the patient either calls his or her therapist as a witness, or introduces in evidence the substance of any therapist-patient communication. Id. at 226. Judge Tauro noted that some other lower federal courts had determined that there was an exception to the psychotherapy privilege when a litigant puts her emotional state at issue through litigation. In Chilmark, the Court found that Jaffee changed the analysis. The pre-Jaffee "balancing" test where the need for the evidence is balanced against the patient's interest in the privilege was no longer good law after Jaffee. Id. Judge Tauro also found that using the attorney-client privilege analogy, the privilege is not waived by merely seeking damages that may have relevance to attorney-client communications, such as attorney's fees. Id. It is waived only by putting the privileged communication directly at issue. Lastly, the court found that there is no inherent unfairness in merely making a claim for emotional distress and asserting the privilege. Id. Unfairness would only result if the plaintiff were to use the privileged communications at trial, resulting in a waiver. Id. However, simply claiming emotional distress cannot imply a waiver. Id.

  Ms. Russell does not intend to call her therapeutic providers as witnesses or rely on privileged communications to bolster her emotional distress claim. The defendants claim to the contrary, Ms. Russell seeks only usual emotional distress, not extraordinary psychic injury or damages. Such usual or "garden-variety" emotional distress has been described as "ordinary or commonplace emotional distress" versus emotional distress that is not "usual" but is "complex, such as that resulting in a specific psychiatric disorder." Ruhlmann v. Ulster County Dep't of Soc. Servs., 194 F.R.D. 445, 449 n. 6 (N.D.N.Y.2000). See Sorenson v. H&R Block, Inc. 197 F.R.D. 199, 204 (D. Mass. 2000)(Collings, J.)(recognizing that under Massachusetts law, plaintiffs did not waive

the psychotherapist privilege by alleging "garden-variety" claims for emotional distress in complaint, by identifying their mental health care providers, and the dates and costs of their treatment sessions or when bringing a loss of consortium claim husband and co-plaintiff testified in deposition that he and his then fiancé sought the assistance of a counselor to help with their relationship). A plaintiff avoids waiver of the privilege by limiting the compensation to emotional distress such as humiliation, embarrassment, anger, and other similar emotions. Santelli v. Electro-Motive, 188 F.R.D. 306, 309 (N.D.Ill. 1999).

This is in contrast to a plaintiff who puts her mental state and privileged communications at issue. Courts have held that a plaintiff places her confidential communications with her psychiatrist at issue when she must rely on those communications to establish an element of her prima facie case of unlawful discrimination. Sarko v. Penn-Del Directory Co., 170 F.R.D. 127, 130 (E.D. Pa. 1997)(plaintiff in American With Disabilities Act claim relied on communications to show she was disabled with clinical depression). In this claim of a gender-based and sexually hostile environment, Ms. Russell must only show that her treatment was objectively unreasonable.

The defendants cite several cases in support of their claim that Ms. Russell has somehow waived her privilege. Each of these cases is easily distinguished from the instant case. In EEOC v. Danka Ind. Inc., 990 F.Supp. 1138, 1142 (E.D.Mo.1997), the plaintiff disclosed her psychotherapist as an expert witness who would offer opinion testimony at trial, and thus the psychotherapist's records were subject to discovery and were not protected by the privilege. Similarly, in Vann v. Lone Star Steakhouse &

Saloon of Springfield, Inc., 967 F.Supp. 346 (C.D.Ill.1997), the plaintiff disclosed her psychotherapist as an expert witness, and stated that her therapist would testify and offer certain expert opinion that related to and made an "assessment of Plaintiff's psychological response to the events surrounding this cause of action." Id. at 348. Unlike those cases, Ms. Russell will not rely on her therapist or other mental health providers to offer expert testimony.  See also Doolittle v. Ruffo, 1997 WL 151799 (N.D.N.Y. 1997)(Court held privilege waived where plaintiff intended to call therapist as trial witness); Sidor v. Reno, 1998 WL 164823(S.D.N.Y. 1998)(Court held that the plaintiff cannot rely on certain records of her treating psychologist and not allow access to others made contemporaneously, the plaintiff also challenged her termination by claiming that the FBI, her employer, did not understand psychosocial issues relating to deaf people); McKenna v. Cruz, 1998 WL 809533(S.D.N.Y. 1998)(relying largely on the fact that seeking damages for a specific, diagnosable mental condition and that the plaintiff did not define garden variety emotional distress for the court); Fox v. Gates Corp., 179 F.R.D. 303 (D. Colo. 1998)(inconsistently ordered production of psychotherapy records while denying a Rule 35 independent medical examination finding that the plaintiff had not placed her mental condition in controversy merely by making a "garden variety" claim for emotional distress damages); Kerman v. City of New York, 1997 WL 666261 (S.D.N.Y. 1997)(plaintiff conceded that he waived privilege and was seeking to bifurcate liability and damages)

     Federal district courts after Chilmark follow Judge Tauro's reasoning.  See Hucko v. City of Oak Forest, 185 F.R.D. 526, 529 (N.D. Ill. 1999)(no inherent "unfairness" in asserting a privilege and seeking emotional distress damages holding

that a "plaintiff who alleges emotional pain and suffering damages certainly puts his mental state at issue; but by doing so, he does not ipso facto give up the privilege in confidential communications with psychotherapists concerning his mental state.") Allen v. Cook County Sheriff's Department, No. 97-C3625, 1999 WL 168466 (N.D. Ill. Mar. 16, 1999) (Mere allegation of emotional distress did not put mental state of plaintiff at issue.)  Booker v. City of Boston, 1999 WL 734644 (D.Mass. 1999)(precluding the production of the plaintiffs' psychological and medical records because the plaintiffs did not intend to make affirmative use of the privileged communications). See also Fitzgerald, 216 F.R.D. at 639; Ruhlmann, 194 F.R.D. at 449; Fritsch,187 F.R.D. at 628.

Patients can expect to have confidences revealed to the extent the plaintiff relies on medical records and treating physician or expert testimony to prove emotional distress.  But patients, including litigants, do not anticipate revealing their whole psychological history merely be asserting that discrimination has caused some amount of distress.  Ms. Russell does not intend to use any privileged information at trial and information and records of her psychotherapeutic providers should be afforded the federal privilege.

REQUESTS FOR PRODUCTION

1.    All documents concerning any of the matters or events alleged in the Complaint, including but not limited to diaries, calendars, notebooks, notes.

Response:  This document request is objectionable to the extent that the information sought is protected by the attorney-client or other privileges, is confidential protected by privacy concerns or is the subject of the attorney work-product doctrine.

ARGUMENT

9

The plaintiff has produced all information and documents that are not attorney work-product.

3. All documents that support Plaintiff's claim for damages.

Response: This document request is objectionable to the extent that the information sought is protected by the attorney-client or other privileges, is confidential protected by privacy concerns or is the subject of the attorney work-product doctrine. Subject to and without waiving said objection, see documents previously produced as part of the plaintiff's Initial Disclosures. In addition, the plaintiff continues to search for other documents and will seasonably supplement her responses consistent with the Federal Rules of Civil Procedure.

ARGUMENT

The plaintiff relies on the arguments set forth on pages 3 through 9 above relating to documents protected by privacy concerns and psychotherapeutic privilege.

The plaintiff has produced all documents that, after a diligent search, were found to be in her custody and control. Moreover, the defendant will have an opportunity to fully explore Ms. Russell's claim for damages at a deposition. Finally, the plaintiff will fully cooperate and execute any authorization presented by the defendants for Internal Revenue Service documents for the year 2003. The plaintiff will provide the defendants with her tax return and accompanying documents for the year 2004.

4. All records, reports, bills and other documents that relate to any treatment, examination or consultation for physical, mental or other illness or condition relating to or resulting from any of the allegations in the Complaint.

Response: This document request is objectionable to the extent that the information sought is protected by the attorney-client or other privileges, is confidential protected by privacy concerns or is the subject of the attorney work-product doctrine. Subject to and without waiving said objection, see documents previously produced as part of the plaintiff's Initial Disclosures. In addition, the plaintiff continues to search for other documents and will seasonably supplement her responses consistent with the Federal Rules of Civil Procedure.

ARGUMENT

The plaintiff relies on the arguments set forth on pages 3 through 9 above relating to documents protected by privacy concerns and psychotherapeutic privilege.

5.  All documents that relate to wages, salaries, tips, commissions or any other income or earnings of Plaintiff from 2001 to the present, including, but not limited to, pay stubs, federal and state tax returns, W-2 forms and all schedules and attachments to such documents.

Response:  This document request is objectionable in that it is overly broad and is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving said objection, see documents previously produced as part of the plaintiff's Initial Disclosures. In addition, the plaintiff continues to search for other documents and will seasonably supplement her responses consistent with the Federal Rules of Civil Procedure.

ARGUMENT

The plaintiff has produced all documents that, after a diligent search, were found to be in her custody and control.  The plaintiff will fully cooperate and execute any authorization presented by the defendants for Internal Revenue Service documents for the year 2003.  The plaintiff will provide the defendants with her tax return and accompanying documents for the year 2004.

## **CONCLUSION**

The plaintiff requests that this Court deny the defendants' Motion to Compel Discovery Responses.

Dated: January 17, 2005

        EMBER RUSSELL
By her attorney,


   /s/ Suzanne Garrow
Suzanne Garrow BBO # 636548
Heisler, Feldman & McCormick, P.C.
1145 Main Street, Suite 508
Springfield MA  01103
(413)788-7988
(413)788-7996 (fax)

### CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the foregoing document was served by electronic and first class mail upon the attorney of record for the Defendants on January 17, 2005.

     /s/ Suzanne Garrow
Suzanne Garrow