UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
:
EMBER RUSSELL,                      :
                                    :
        Plaintiff,                 :
                                    :
v.                                  : CIVIL ACTION NO.  04-30031-KPN
                                    :
LONG VIEW RECREATIONAL              :
VEHICLES, INC. AND LONG VIEW        :
RV SUPERSTORES,                     :
        Defendant.                 :
_____:

**PLAINTIFF'S OPPOSITION DEFENDANTS'
EMERGENCY MOTION TO QUASH SUBPOENA**

       The defendants seek to deny the plaintiff necessary deposition testimony from the defendants' counsel claiming that her need to depose him is "a tactical move to create ambiguities regarding opposing counsel's right to continue his representation… and interfere with the opposing party's choice of counsel".  This argument should be rejected.

       In fact, defendants' counsel should have anticipated the plaintiff's need for information from him regarding the investigation into her allegations of sexual and gender harassment.  As he admits in his affidavit, he was aware that she had retained counsel at the time he conducted the investigation.  He should have projected the need to depose him when his investigative notes were the basis of the defendants' defense in their position statement to the Massachusetts Commission Against Discrimination.   He similarly should have considered the

possibility of that he would likely be deposed when he sought to defend the defendants' claim before this Court, when the defendants through him denied that they "failed to conduct an adequate investigation of Ms. Russell's claims of gender and sexual harassment",  (Answer to Amended Complaint ¶ 45), and when they asserted through him their Fifth Affirmative Defense that "Plaintiff can not recover because the Defendant exercised reasonable care in preventing and correcting sexually harassing behavior and Plaintiff unreasonably failed to take advantage of these preventative and corrective opportunities to avoid the harm now alleged."

The defendants argue in their Motion to Quash that counsel should not be compelled to testify absent a "bona fide need" for the testimony.   Here there is a compelling need for the defendants' counsel's testimony.  Although the case dealt with privilege, this Court has already addressed the issue of needed deposition testimony of opposing counsel.[1]  The privilege analysis invoked by the Court addressed whether a party affirmatively puts information between counsel and client at issue and open to discovery by making it relevant to the case and if denial of the testimony would deny the opposing party access to necessary information.  Savoy v. Richard Carrier Trucking, 178 F.R.D. 346, 350 (D. Mass. 1998) (internal citations omitted).

---

[1] The defendants correctly do not assert a claim of privilege here.  Numerous Courts have recognized a waiver of privilege when an attorney conducts an investigation into sexual or gender harassment or other illegal activities See cases cited at pages 2 to 5 supra.  Moreover, any claim of privilege has been waived.  As Defendants concede, during discovery, they furnished the plaintiff with Attorney Murphy's notes of all the witness interviews conducted as a result of Plaintiff's complaint of sexual harassment. Defendant's also furnished Plaintiff with a written summary of the investigation that Attorney Murphy prepared for Longview.

In <u>Savoy</u> a plaintiff's lawyer in a M.G.L. c. 93A and M.G.L. c. 176D claim against the insurer sought to protect from non-disclosure his testimony regarding his communications with his client relating to her expressed unwillingness to undergo an independent medical examination.  This Court found that given the nature of the plaintiffs claims of bad faith made against the insurer in investigating her claim against them she could have anticipated that the defendant would seek to "peek behind the curtain of her attorney-client privilege" <u>id.</u>, and allowed a deposition to explore the issues.

This case militates even more clearly toward allowing the defendants' counsel's deposition to go forward.  The defendants put the investigation conducted by the defendants' counsel and advice given as a result squarely at issue in this litigation.  First, it explicitly denied the plaintiff's allegation in her complaint that it failed to conduct an adequate investigation.  They also affirmatively averred that they "exercised reasonable care in preventing and correcting sexually harassing behavior and Plaintiff unreasonably failed to take advantage of these preventative and corrective opportunities to avoid the harm now alleged." <u>See</u> <u>Harding v. Dana Transp., Inc.</u>, 914 F. Supp. 1084, 1093, 1099 (D.N.J. 1996)(the Court allowed deposition of attorney investigator finding that the employer in a sexual harassment claim affirmatively placed the communications in the investigation "at issue" because of its "reliance upon the investigation" as a defense to liability under federal and state law).   The defendants' reliance on the investigation and actions as a result create a compelling need for the deposition testimony of the attorney investigator.

Cases supporting the plaintiff's need for testimony from the defendants' counsel regarding the investigation he conducted are legion.  See e.g.  Pray v. New York City Ballet Co., 1997 WL 266980, *1-3 (S.D.N.Y.1997)(by asserting the investigation as a defense, the employer placed at issue the reasonableness and sufficiency of those investigations and plaintiffs were allowed to discover the initial communications from the employer to investigating attorneys, any statements made to counsel concerning investigative leads or the direction of the investigation, any facts and advice given post-investigation and actions as a result which were relevant to affirmative assertion of the corrective action and attorney allowed deposed despite the ability of employer witnesses to testify to similar information); Harding v. Dana Transport. Inc., 914 F.Supp. at 1094-96 (evidence regarding the accuracy or inaccuracy of the disclosures made to attorney investigator and advice regarding corrective action was information necessary to the claim of the investigation as a defense and attorney allowed deposed).  See also Rahn v. Junction City Foundry Inc., 2000 WL 1679419 (D.Kan. 2000)(attorney ordered deposed finding, among other things, that deposing principal who attended investigation interviews *was not sufficient to preclude the deposition* and the information sought was critical to liability and the defendant's affirmative defense)(emphasis added); Sealy v. Gruntal & Company, 1998 WL 698257 (S.D.N.Y. 1998)(Court ordered attorney who conducted sexual harassment investigation to produce documents related to the investigation and ordered that the attorney could be deposed).  Johnson v. Rauland-Borg Corp., 961 F.Supp. 208 (N.D.Ill. 1997)(allowing deposition of attorney investigator

because it placed the reasonableness of the investigation at issue and also relied on his advice to take any remedial or corrective action).

The cases cited above explicitly reject the defendants' arguments as to why their counsel should not be deposed.  In many of the cases cited the Courts specifically reject the claim that it is sufficient to provide the plaintiff's counsel with the names and information taken from witnesses interviewed by the attorney investigator.  In reviewing those notes, numerous questions arise from the notes that would only be answered by their author.  That the plaintiff may question, or depose those witnesses to whom the investigator spoke is of no moment.  Witness interviews fail to address the sufficiency of neither the investigation nor the advice given as a result.  Finally, that Ms. Chartier was present for each interview does not undercut the need to depose the investigator himself.  That claim was explicitly rejected in <u>Rahn v. Junction City Foundry Inc.</u>, 2000 WL 1679419 at *2.

## CONCLUSION

Based on the foregoing, this Court should deny the defendants' Motion to Quash and allow the deposition of Attorney Murphy to go forward.

    EMBER RUSSELL
    By her attorney,

    /s/ Suzanne Garrow
    Suzanne Garrow BBO # 636548
    Heisler, Feldman & McCormick, P.C.
    1145 Main Street, Suite 508
    Springfield MA  01103
    (413)788-7988
    (413)788-7996 (fax)

Dated: February 23, 2005

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that a true and accurate copy of the foregoing document was served by electronic and first class mail upon the attorney of record for the defendants on February 23, 2005.

                                                            <u>/s/ Suzanne Garrow</u>
                                                              Suzanne Garrow